# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
May 24, 2000 Session

## REGINA HARRIS, ET AL. v. DR. ANDREW CHERN, ET AL.

**Appeal by Permission from the Court of Appeals**
**Circuit Court for Davidson County**
**No. 96C-3667     Thomas W. Brothers, Judge**

---

**No. M1998-00250-SC-R11-CV - Filed December 8, 2000**

---

We granted this appeal to determine the standard to be applied in ruling upon a Tenn. R. Civ. P. 54.02 motion to revise a grant of partial summary judgment based upon evidence beyond that which was before the court when the motion was initially granted. For the reasons stated below, we reject the newly discovered evidence rule applied by the trial court and set forth in Bradley v. McLeod, 984 S.W.2d 929 (Tenn. Ct. App. 1998). We adopt a test requiring the trial court to consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor. Accordingly, we reverse the judgment of the Court of Appeals and remand to the trial court for application of this standard.

## Tenn. R. App. P. 11 Appeal by Permission;
## Judgment of the Court of Appeals Reversed, Case Remanded to Trial Court

JANICE M. HOLDER, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., and FRANK F. DROWOTA, III, ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, J.J., joined.

David L. Johnson, Gayle I. Malone, and Jeffrey Zager, Nashville, Tennessee, for the appellant, Baptist Hospital, Inc.

C. Bennett Harrison and Gayle I. Malone, Nashville, Tennessee, for the defendant, Dr. Andrew L. Chern.

Tricia Dennis, Chattanooga, Tennessee, for the appellees, Regina Harris and Ronnie Dale Netherton, Jr.

**OPINION**

BACKGROUND

Plaintiff, Regina Harris, was an obstetrical patient of Defendant, Dr. Andrew Chern. Upon going into labor, Harris was admitted to Baptist Hospital ("Baptist") under Dr. Chern's care. Ronnie Dale Netherton, Jr. was born to Harris at Baptist. Shortly after his birth, it was discovered that the child suffered brain injury.

Harris filed suit on her own behalf and as next friend of Ronnie Netherton, Jr. against both Dr. Chern and Baptist. Harris's amended complaint alleged multiple claims of negligent medical care both before and after the child's delivery. On March 3, 1997, Baptist submitted a brief, nonspecific motion for summary judgment alleging "that there are no genuine issues of material fact in this case." Baptist's motion relied on the affidavit of Dr. Henry Boehm. Dr. Boehm's affidavit stated generally that Baptist complied with the applicable standard of care and that none of Baptist's acts were a proximate cause of injury to Harris or her son.

On April 7, 1997, Harris submitted the affidavit of Dr. John Ferguson in response to Baptist's motion for summary judgment. Dr. Ferguson alleged in his affidavit that Baptist's acts fell below the reasonable standard of care in one respect: the failure to terminate the pregnancy by emergency delivery.

The trial court granted partial summary judgment to Baptist. It found, based upon the affidavits, that there was no genuine issue of material fact as to Baptist's negligence except as to Harris's allegation that Baptist should have terminated her labor by emergency delivery after recognizing symptoms of progressive fetal distress. Accordingly, all of Harris's allegations against Baptist, save one, were summarily adjudicated. Baptist remained a party to the suit as to that single issue.[1]

Nearly six months later, Harris filed a "motion to reconsider" the trial court's grant of summary judgment. Harris's motion was submitted with the affidavit of Dr. Stacey Fink. Dr. Fink's affidavit states that Baptist's and its employees' actions fell below the applicable standard of care for taking and analyzing blood samples within the first 24 hours of birth. Baptist responded that the

---

[1]Plaintiffs allege in their brief that Baptist's motion for summary judgment was so general that it gave them no notice of the extent to which they would be required by the trial court to respond. As we choose to remand this case on other grounds, we are not required to decide the extent to which Baptist's general motion for summary judgment and nonspecific accompanying affidavit required a response from plaintiffs, if it did so at all. See Blanchard v. Kellum, 975 S.W.2d 522, 525 (Tenn. 1998) (holding expert physician's affidavit insufficient because it "merely contain[ed] a conclusory statement"); McCarley v. West Quality Food Serv., 960 S.W.2d 585 (Tenn. 1998) (describing burden shifting in summary judgment). Similarly, we are not required to rule on the propriety of what the plaintiffs describe as the trial court's "sua sponte" conversion of Baptist's general motion for summary judgment into a motion for partial summary judgment.

motion to reconsider made no showing why this information was unavailable at the time the trial court initially ruled on the motion for summary judgment.

Discovery continued while Harris's motion to reconsider was pending. Harris eventually submitted additional physician's affidavits in support of the motion to reconsider. The trial court, however, denied Harris's motion on April 3, 1998. The trial court then made that judgment final, and therefore appealable, pursuant to Tenn. R. Civ. P. 54.02. Harris, however, submitted more evidence in opposition to the grant of summary judgment even after the denial of the motion to reconsider.

On appeal, the Court of Appeals reversed the trial court's denial of the motion to reconsider. It held that reconsideration of a grant of summary judgment should not turn on whether the evidence supporting reconsideration could have been discovered before the grant. Instead, the court adopted the rationale of Schaefer v. Larsen, 688 S.W.2d 430 (Tenn. Ct. App. 1984), in which the court rejected the "newly discovered evidence" test and held that such motions should be looked upon favorably where the litigants had not yet been afforded a trial. We granted review.

ANALYSIS

As a preliminary matter, the Tennessee Rules of Civil Procedure do not authorize motions "to reconsider" a grant of summary judgment. See McCracken v. Brentwood United Methodist Church, 958 S.W.2d 792, 794 n.3 (Tenn. Ct. App. 1997). Instead, the rules allow for motions "to alter or amend a judgment," Tenn. R. Civ. P. 59.04, or motions "to revise" a non-final partial judgment, see Tenn. R. Civ. P. 54.02.

Rule 54.02 applies to cases, such as this one, in which judgment was not entered as to all of the defendants or claims. That rule provides that in the absence of a final judgment:

> any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

Rule 54.02 requires that a judgment disposing of fewer than all of the claims or fewer than all of the parties is final only when the trial court makes "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02. This determination is an "absolute prerequisite" to a final judgment in such a case. Fox v. Fox, 657 S.W.2d 747, 749 (Tenn. 1983); Stidham v. Fickle Heirs, 643 S.W.2d 324, 325 (Tenn. 1982) (addressing Rule 54.02 in its previous form at Tenn. Code Ann. § 27-305). The record reveals no

express determination of finality by the trial court in the initial grant of summary judgment. Accordingly, the initial grant of summary judgment in this case was non-final and was subject to revision until it was expressly made final in accordance with Rule 54.02.

Our research reveals no Tennessee case law regarding the standard a trial court should apply in ruling on a Rule 54.02 motion to revise. Cases analyzing Rule 59.04 motions to alter or amend, however, offer some guidance in determining the standard for revising non-final orders. See Thomas v. Swindle, 676 So. 2d 333, 335 (Ala. Civ. App. 1996) (finding "caselaw concerning Rule 59 motions to be persuasive authority" in interpreting Rule 54 motions). While the rules are not synonymous, they are similar in intent and operation. They differ in that Rule 59.04 addresses final judgments and requires a motion to alter or amend to be made within 30 days of the entry of judgment. In contrast, Rule 54.02 addresses interlocutory orders. Rule 54.02 confers upon the trial court "the privilege of reversing itself up to and including the date of entry of a final judgment." Louis Dreyfus Corp. v. Austin Co., 868 S.W.2d 649, 653 (Tenn. Ct. App. 1993). Both rules, however, afford litigants a limited opportunity to readdress previously determined issues and afford trial courts an opportunity to revisit and reverse their own decisions.

The parties rely on two cases that have applied Rule 59.04 with differing results. Harris argues that her motion falls under the dicta contained in Schaefer v. Larsen, 688 S.W.2d 430 (Tenn. Ct. App. 1984). In Schaefer, the Court of Appeals, Western Section, rejected application of the stringent "newly discovered evidence" rule to motions to alter or amend. That rule requires a movant to show that the evidence submitted with the motion to alter or amend was unavailable at the time of its initial response to the motion for summary judgment or that the evidence could not have been found in the exercise of due diligence. See Braswell v. Carothers, 863 S.W.2d 722, 730 (Tenn. Ct. App. 1993). The newly discovered evidence standard, the court observed, was primarily applied in cases where the litigants have already had a trial. In such cases, courts should be cautious in altering their judgments. In contrast, a litigant seeking to alter or amend a grant of summary judgment "is only seeking that which he is basically entitled to – a first trial." Schaefer, 688 S.W.2d at 433.

Schaefer's lenient standard for reviewing grants of summary judgment was rejected by the Court of Appeals, Middle Section, in Bradley v. McLeod, 984 S.W.2d 929 (Tenn. Ct. App. 1998). The court held that a Rule 59.04 motion "should not be used to alter or amend a summary judgment if it seeks to raise new, previously untried legal theories, to present new, previously unasserted legal arguments, or to introduce new evidence that could have been adduced and presented while the summary judgment motion was pending." Id. at 933.

The opposing outcomes in Schaefer and Bradley illustrate that in deciding whether to alter, amend, or revise a summary judgment, "two important judicial imperatives clash: the need to bring litigation to an end and the need to render just decisions on the basis of all the facts." Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990), abrogated by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). We find that neither Schaefer nor Bradley adequately addresses both imperatives as regards Rule 54.02 motions to revise when additional evidence is submitted to overcome a grant of partial summary judgment. Adoption of the strict

<u>Bradley</u> rule would restrict Tennessee trial judges from exercising their broad discretion, while adoption of the <u>Schaefer</u> rationale would provide them too little guidance. Accordingly, we find it appropriate to adopt, as has been done by some federal courts in interpreting Fed. R. Civ. P. 59(e),[2] a non-exclusive balancing test to be applied on a case-by-case basis.

When additional evidence is submitted in support of a Rule 54.02 motion to revise a grant of summary judgment, a trial court should consider, when applicable: 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor. <u>Cf.</u> <u>Lavespere v. Niagara Machine & Tool Works, Inc.</u>, 910 F.2d 167 (5th Cir. 1990) (adopting a similar multi-factor test in regard to Fed. R. Civ. P. 59(e)), <u>abrogated on other grounds by</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069 (5th Cir. 1994); <u>GenCorp, Inc. v. American Int'l Underwriters</u>, 178 F.3d 804 (6th Cir. 1999) (citing <u>Lavespere</u> as properly identifying factors that should be weighed in ruling on a Rule 59(e) motion); <u>Hanson v. City of Oklahoma City</u>, 37 F.3d 1509, 1994 WL 551336 (10th Cir. 1994) (unpublished) (citing with approval the <u>Lavespere</u> test); <u>W.G. Pettigrew Dist. Co. v. Borden, Inc.</u>, 976 F. Supp. 1043 (S.D. Tex. 1996) (adopting balancing test); <u>Snavely v. Nordskog Elec. Vehicles</u>, 947 F. Supp. 999 (S.D. Miss. 1995) (same); <u>Buell v. Security Gen. Life Ins. Co.</u>, 784 F. Supp. 1533 (D. Colo. 1992) (discussing various approaches and adopting <u>Lavespere</u>); <u>Estate of Keeney</u>, 908 P.2d 751 (N.M. Ct. App. 1995) (adopting rationale of <u>Lavespere</u>); <u>Trembly v. Mrs. Fields Cookies</u>, 884 P.2d 1306, 1311 (Utah Ct. App. 1994) (adopting multi-factor test).

Accordingly, we hold that the "newly discovered evidence" standard need not be satisfied before a trial court revises a partial summary judgment under Rule 54.02 on the basis of additional evidence. When additional evidence is offered by a litigant to overcome a grant of summary judgment pursuant to Rule 54.02, trial courts must undertake the above-stated balancing analysis and should make adequate findings of fact and conclusions of law on the record to support their rulings.[3]

---

[2]Federal case law interpreting rules similar to our own are persuasive authority for purposes of construing the Tennessee rule. <u>See</u> <u>Henderson v. Bush Bros. & Co.</u>, 868 S.W.2d 236 (Tenn. 1993); <u>Continental Cas. Co. v. Smith</u>, 720 S.W.2d 48 (Tenn. 1986). Those decisions, of course, are non-binding even when the state and federal rules are identical. <u>See</u> <u>Bowman v. Henard</u>, 547 S.W.2d 527, 530 (Tenn. 1977).

[3]Our decision today should not be read as encouraging trial courts to certify interlocutory judgments as final under Rule 54.02, thereby requiring a litigant to file an appeal while the remainder of the litigation is ongoing. Piecemeal appellate review is not favored. <u>See, e.g.</u>, <u>Breakstone v. Home Fed. Sav. & Loan Ass'n</u>, 539 S.W.2d 45, 45 (Tenn. Ct. App. 1976) (noting "the inconvenience and costs of piecemeal review"). Orders certifying interlocutory judgments as final "should not be entered routinely" and "cannot be routinely entered as a courtesy to counsel." <u>Huntington Nat'l Bank v. Hooker</u>, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991). Such orders must be supported by a record indicating why there is "no just reason for delay," and will preferably include specific findings of fact to that effect. <u>Id.</u> at 922.

We find this approach strikes the appropriate balance between <u>Schaefer</u> and <u>Bradley</u>.[4] It permits our courts the discretion to dispose of those cases for which summary judgment is appropriate and to ensure that meritorious claims go to trial.

A trial court's ruling on a motion to revise pursuant to Rule 54.02 will be overturned only when the trial court has abused its discretion. <u>See</u> <u>Donnelly v. Walter</u>, 959 S.W.2d 166, 168 (Tenn. Ct. App. 1997). We cannot determine from the record whether the trial court's denial constituted an abuse of discretion under the standard adopted herein. The parties have not yet had an opportunity to argue their positions, and the trial court has not had an opportunity to rule under the newly announced law. Accordingly, we remand to the trial court for application of the newly announced standard.

## CONCLUSION

We hold that when additional evidence is offered by a litigant to revise a grant of summary judgment pursuant to Rule 54.02, trial courts must undertake the above-stated multi-factor balancing analysis and should make adequate findings of fact and conclusions of law on the record to support their rulings. Accordingly, we reverse the judgment of the Court of Appeals and remand to the trial court for application of the newly announced standard. Costs of this appeal are taxed to Defendant/Appellant, Baptist Hospital, Inc., for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE

---

[4] The question of what standard to apply in ruling on a Rule 59.04 motion to alter or amend, presented in <u>Schaefer</u> and <u>Bradley</u>, is not directly at issue in this case and is thus beyond our reach. We note, however, that many of the same considerations discussed herein would be applicable when a litigant submits additional evidence as part of a Rule 59.04 motion to alter or amend a summary judgment.