IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 29, 2001 Session

## JACK HUTTER v. ROBERT M. COHEN, ET AL.

**Appeal from the Circuit Court for Blount County**
**Nos. L-11686 and L-11709      James B. Scott, Jr., Judge**

**FILED AUGUST 5, 2002**

**Nos. E1999-01859-COA-R3-CV &**
**E1999-01857-COA-R3-CV**

CHARLES D. SUSANO, JR., J., dissenting.

I cannot concur in the majority's affirmance of the trial court's grant of summary judgment in these two related legal malpractice actions. My unwillingness to join my colleagues is based upon my belief that the affidavits of defendants/attorneys Robert M. Cohen and H. Allen Bray are legally insufficient to require the plaintiff Jack Hutter to engage in what I refer to as litigation "on the papers."

The law imposes a threshold obligation upon a defendant seeking summary judgment; such a defendant "must either affirmatively negate an essential element of the non-movant's claim or conclusively establish an affirmative defense." ***McCarley v. West Quality Food Service***, 960 S.W.2d 585, 588 (Tenn. 1998) (citing ***Byrd v. Hall***, 847 S.W.2d 208, 215 n.5 (Tenn. 1993)). If the defendant fails to satisfy this threshold obligation, "the non-movant's burden to produce either supporting affidavits or discovery material *is not triggered* and the motion for summary judgment fails." ***McCarley***, 960 S.W.2d at 588 (citing ***Byrd***, 847 S.W.2d at 215) (emphasis added).

Our Supreme Court has indicated that non-specific defense affidavits do not trigger an obligation on the part of the plaintiff to present affidavits and discovery material demonstrating a genuine issue of material fact. ***Blanchard v. Kellum***, 975 S.W.2d 522, 525 (Tenn. 1998). *See also* ***Harris v. Chern***, 33 S.W.3d 741, 743 n.1 (Tenn. 2000).

In each of the cases now before us, the defendant in his affidavit[1] basically states the following: I am a licensed attorney; I know the standards of professional practice applicable to attorneys practicing in Blount County; I have "handle[d]" cases pertaining to, and am familiar with the law applicable to, family law, landlord/tenant, and unlawful detainer cases; I was retained by the plaintiff to represent him with respect to a custody matter and a matter pertaining to possession of a house; I am familiar with the facts surrounding the aforementioned representation; and, finally, "I did not deviate from or fall below the legally accepted standard of practice for attorneys practicing law in Blount County, Tennessee, and the surrounding area, nor did I fail to exercise that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in this jurisdiction, relative to my aforementioned representation of Jack Hutter."

In reading the affidavits, I am struck by what both of them fail to do. In each case, the affidavit does not state any *facts* pertaining to the advice given or the services performed by the attorney. In other words, after reading the affidavits, one is left to ponder: What did the attorney do or not do in connection with this representation as it pertains to the shortcomings alleged by the plaintiff as the basis for his legal malpractice case? The affidavits are simply devoid of any information on this subject. *The attorney in each case says that he knows what he did; but he doesn't share this information with the reader.*

I do not understand how a plaintiff can be expected to demonstrate a genuine issue of material fact if he or she does not know the material facts upon which the defendant relies to support his or her position that summary judgment is appropriate. As I understand the concept embodied in Tenn. R. Civ. P. 56, a trial is not necessary when the facts are clear and undisputed and those facts show conclusively that the defendant is entitled to a judgment; but this raises an obvious question: How do we know that the facts are clear and undisputed if a defendant's supporting material fails to tell us what the material facts are?

If a defendant's obligation under Rule 56 is to present *facts* showing that he or she is entitled to judgment in summary fashion – and I believe it clearly is – the affidavits before us simply do not satisfy this obligation. In my judgment, an affidavit that simply asserts that (a) I know the standard, (b) I know the facts (without revealing them), and (c) I did not deviate from or fall below the applicable standard, does not comport with my understanding of the letter[2] or spirit of Rule 56. If factual specificity is required in the material submitted by the non-movant,[3] why is it not also

---

[1] The affidavits are essentially identical. The one signed by Mr. Bray is attached as an appendix to this opinion.

[2] For example, Rule 56.06 provides that "[s]upporting...affidavits shall be made on personal knowledge, shall set forth such *facts* as would be admissible in evidence,..." (Emphasis added).

[3] Rule 56.06 further provides, in pertinent part, as follows:

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the

(continued...)

-2-

required with respect to the material submitted by the movant, who, after all, has the primary burden to convince the court that he or she is entitled to summary judgment? If a generally-worded, conclusory affidavit, such as the ones now before us, has the effect of triggering the non-movant's obligation to bring forth "specific facts," *see* Rule 56.06, I believe that such a holding necessarily means that the non-movant, rather than the movant, has the burden of persuasion on summary judgment. Obviously, such a result is contrary to well-established summary judgment law. *See, e.g., Byrd*, 847 S.W.2d at 215.

I would hold that the defendants' affidavits did not trigger an obligation on the part of the plaintiff to show a disputed material fact, and, consequently, that the defendants are not entitled to summary judgment. Accordingly, I respectfully dissent.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[3](...continued)
> adverse party's pleading, but his or her response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial.

(Emphasis added).