IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 15, 2002 Session

IN RE: **ADOPTION OF A.B.K.**

**Appeal from the Chancery Court for Hawkins County**
**No. A-075      Thomas R. Frierson, II, Chancellor**

**FILED MAY 23, 2002**

**No. E2001-02199-COA-R3-CV**

Presented with competing petitions for adoption, the trial court terminated the parental rights of
W.T.D., Jr. ("the biological father") to his natural daughter, A.B.K. ("the subject child"). The trial
court based termination on the failure of the biological father to visit the subject child; it made the
order of termination a final judgment pursuant to the provisions of Tenn. R. Civ. P. 54.02. The
biological father appeals, contending, among other things, that the trial court erred in terminating
his parental rights. The trial court has reserved a ruling on the competing petitions to adopt pending
a resolution of this appeal. Under the unique circumstances of this multiple-petition case, we find
that the trial court should resolve all matters, including the issue of adoption, before this case is ripe
for appeal. Accordingly, we vacate the trial court's Rule 54.02 designation and remand for further
proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated in Part; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD,
P.J., and D. MICHAEL SWINEY, J., joined.

Janie Lindamood, Johnson City, Tennessee, for the appellant, W.T.D., Jr.

James F. Taylor, Mt. Carmel, Tennessee, for the appellee, W.D.B.

**OPINION**

The trial court has before it two petitions for adoption with respect to the subject child. The
initial petition was filed by D.W.O., the subject child's stepfather.[1] The biological father joined in
the stepfather's petition for the purpose of giving his consent to the stepfather's adoption of A.B.K.

---

[1]The "stepfather" was married to the subject child's mother at the time of her death on March 2, 1999. The
trial court ruled that he was no longer the subject child's stepfather, reasoning that his status as such ceased to exist upon
the mother's death. While this issue is before us, we do not reach it; however, purely for ease of reference, we will
continue to refer to the "stepfather" as such.

Later, a petition to adopt was filed by the subject child's maternal grandfather, W.D.B. ("the maternal grandfather").

The biological father challenges the propriety of the lower court's ruling that D.W.O. is no longer the subject child's stepfather. While the biological father continues to support the stepfather's petition, he objects to his parental rights being terminated if, but only if, such termination "paves the way" for the ultimate adoption of the subject child by the maternal grandfather.

In the interest of judicial economy, we believe that this case should be remanded to the trial court. This is because of the competing petitions to adopt and the biological father's unique position in this case. He does not object to the termination of his parental rights – and is even willing to consent to such action – if to do so is to accommodate the granting of the *stepfather's* petition to adopt; but he challenges the legal propriety of an involuntary termination of his rights if such is used to support the maternal grandfather's petition. This means that, regardless of how we decide the issues now before us, there is a real possibility that we will see this case again. "Piecemeal appellate review is not favored." **Harris v. Chern**, 33 S.W.3d 741, 745, n. 3 (Tenn. 2000).[2]

On the other hand, there is always a chance that if this case is tried to a final resolution in the trial court, it will be resolved in a way that does not engender an appeal. All things being considered, we do not believe that this is an appropriate case for an appeal pursuant to Tenn. R. Civ. P. 54.02.

The trial court's Rule 54.02 designation is hereby vacated and this case is remanded to the trial court for further proceedings consistent with this opinion. Exercising our discretion, we tax the costs on appeal to W.T.D., Jr.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[2]In the same footnote, the Supreme Court in *Harris* said the following:

> Our decision today should not be read as encouraging trial courts to certify interlocutory judgments as final under Rule 54.02, thereby requiring a litigant to file an appeal while the remainder of the litigation is ongoing....Orders certifying interlocutory judgments as final "should not be entered routinely" and "cannot be routinely entered as a courtesy to counsel." Such orders must be supported by a record indicating why there is "no just reason for delay," and will preferably include specific findings of fact to that effect.

*Id*. (citations omitted).