# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
May 8, 2003 Session

## JOHN HANNAH, JR. v. LINDSAY CRUSSELL, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-134-02**

**FILED JUNE 30, 2003**

**No. E2002-02475-COA-R3-CV**

CHARLES D. SUSANO, JR., J., concurring in part and dissenting in part.

The trial court expressed its conclusion that there was "no just reason for delay," Tenn. R. Civ. P. 54.02, in entering a final judgment with respect to the plaintiff's claim against his uninsured motorist carrier. This prompted the court to certify its judgment as final, thus ostensibly conferring jurisdiction on the Court of Appeals to review the propriety of the grant of summary judgment in favor of State Farm. *See* Tenn. R. App. P. 3(a) and Tenn. R. Civ. P. 54.02. The trial court did not make specific factual findings to support its conclusory "no just reason for delay" determination. The Supreme Court in ***Harris v. Chern***, 33 S.W.3d 741 (Tenn. 2000) has clearly stated that such specific findings are "preferabl[e]." ***Id***. at 745, n.3. I agree with what I perceive to be the majority's conclusion that the trial court abused its discretion when it directed the entry of the summary judgment as final. It seems to me that a grant of summary judgment to an uninsured motorist carrier based upon a clear showing that the facts do not presently implicate the claimant's uninsured motorist coverage should, in almost all cases, remain in a non-final status while the underlying litigation is still pending. This would permit the trial court to vacate the judgment in the event the defendant's liability insurance carrier goes into bankruptcy during the pendency of the case or in the event, for some other reason, the facts change so as to implicate the uninsured motorist coverage. This is not to suggest that there would not be other ways to correct what subsequently turns out to be an improper grant of summary judgment; but obviously it would be easier to accomplish this objective, at least during the pendency of the underlying proceedings, if the grant were not final.

While I am inclined to agree with the majority's conclusion that the grant of summary judgment was appropriate in this case, I must dissent from the majority's decision to reach this issue. This is because I have serious reservations as to our jurisdiction to address this matter. It seems to me that the trial court's error in directing the entry of a final judgment negates our jurisdiction, which, of course, is based solely upon that direction.

I would remand for further proceedings, but decline to address the propriety of the summary judgment grant in this case. I am uncomfortable in deciding this case on the merits while at the same time deciding that this litigation is not *properly* before us.

_____
CHARLES D. SUSANO, JR., JUDGE