IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 7, 2004 Session

## CAROL NEWELL d/b/a SOLOWELL v. EXIT/IN, INC., ET AL.

Appeal from the Chancery Court for Davidson County
No. 02-2621-III    Ellen Hobbs, Lyle, Chancellor

No. M2003-00434-COA-R3-CV - Filed April 7, 2004

The trial court granted partial summary judgment to plaintiff in this suit to collect on a promissory note. Appellant does not appeal the grant of judgment, but appeals the trial court's certification of that judgment as a final order under Tenn. R. Civ. P. 54.02. We affirm the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and FRANK G. CLEMENT, JR., J., joined.

Luther Wright, Jr., Jennifer L. Ditty, Nashville, Tennessee, for the appellant, Ned Horton.

Kenneth R. Jones, Jr., Nashville, Tennessee, for the appellee, Carol Newell, d/b/a Solowell.

### OPINION

The plaintiff below, Carol Newell, d/b/a Solowell, brought suit to collect on a promissory note and loan and security agreement with Exit/In. The note was guaranteed jointly and severably by Jay Langford, Rock Block Ventures, LLC, and Ned Horton, and those parties were named as defendants. Mr. Horton filed a cross-claim and a third party complaint asserting that Mr. Langford and his affiliated business entitles had, by separate agreement, undertaken all responsibility for the note to Solowell. He did not allege that Carol Newell or Solowell had been party to this agreement or had agreed to release Mr. Horton from liability under the note.

The trial court granted partial summary judgment in favor of the plaintiff against all the defendants as to liability, reserving decision as to the full amount of attorneys' fees and litigation expenses to be awarded. The trial court certified its judgment as a final order pursuant to Tenn. R. Civil. P. 54.02, expressly finding there was no reason for delay.

Mr. Horton appeals the Tenn. R. Civ. P. 54.02 certification.  He does not challenge the substance of the judgment holding all defendants jointly and severally liable under the note and guaranty.

Both parties agree that a decision whether to grant Tenn. R. Civ. P. 54.02 certification of an order disposing of fewer than all the claims pending in a civil action lies within the discretion of the trial court.  *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 100 S. Ct. 1460, 1467 (1980).[1]  Thus, this court reviews the trial court's decision under an abuse of discretion standard.

> Under the abuse of discretion standard, a trial court's ruling "will be upheld so long as reasonable minds can disagree as to the propriety of the decision made."  A trial court abuses its discretion only when it "applies an incorrect legal standard, or reaches a decision which is against logic or reasoning or that causes an injustice to the party complaining."  The abuse of discretion standard does not permit the appellate court to substitute its judgment for that of the trial court.

*Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (citations omitted).

The rule itself establishes the basic legal standard, *i.e.*, the trial court may direct the entry of a final order as to one or more of multiple claims and parties upon a finding that there is no just reason for delay.  With regard to Rule 54.02, our Supreme Court has stated that orders certifying interlocutory orders as final "should not be entered routinely" and "cannot be routinely entered as a courtesy to counsel."  *Harris v. Chern*, 33 S.W.3d 741, 745 at n. 3 (Tenn. 2000), quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921 (Tenn. Ct. App. 1991).  In addition, such orders must be supported by a record indicating why there is no just reason for delay and will "preferably" include findings of fact to that effect.  *Id.*

In the final order entered in the case before us, the trial court granted the plaintiff's motion against all defendants and expressly found there was no just reason for delay and directed that the order be entered as a final judgment.  The record reveals that Mr. Horton opposed the grant of summary judgment only on the basis that the counterdefendants had agreed to indemnify him.  He asserted Ms. Newell's summary judgment motion did not include material facts, but those facts were related only to his relationship and indemnity agreement with Mr. Langford and other counter defendants.

Mr. Horton argued against certification under Tenn. R. Civ. P. 54.02 on the basis that the issue of the defendants' liability to Ms. Newell should be examined together with the issues of liability among the counterdefendants based on the indemnity agreement to which Ms. Newell was not a party.  On appeal, he argues that he should have been allowed to litigate his counterclaim before a final judgment for Ms. Newell was entered.  He asserts the following factors should be

---

[1]Federal case law construing federal procedural rules similar to state procedural rules are persuasive authority for purposes of construing the Tennessee rule.  *Harris*, 33 S.W.3d at 745, n. 2.

considered by the trial court in making a Rule 54.02 decision and that those factors militate against the certification made by the trial court here.

> (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that a reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Cates v. White*, No. 03A01-914-CH-00130, 1991 WL 168620, at *3 (Tenn. Ct. App. Sept. 4, 1991), quoting *Allis Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975).

These factors do not militate against the trial court's certification of the judgment for Ms. Newell against all the defendants as final. Neither Mr. Horton nor any other guarantor defendant has appealed that judgment; none has questioned the liability of the defendants to Ms. Newell. We agree with Ms. Newell that litigation among the guarantors as to indemnity or contribution among that group need not delay Ms. Newell's collection of the undisputed judgment in her favor. The trial court acted within its discretion in directing entry of the partial summary judgment as a final order. Consequently, we affirm the judgment of the trial court. Costs of this appeal are to be taxed to the Appellant, Ned Horton, for which execution may issue if necessary.

Ms. Newell has asked this court to find Mr. Horton's appeal frivolous under Tenn. Code Ann. § 27-1-122. We find this was a frivolous appeal and remand to the trial court for determination of damages.

_____
PATRICIA J. COTTRELL, JUDGE