IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 22, 2007 Session

## GLADYS TUTUREA, Individually and as representative of GEORGE TUTUREA v. TENNESSEE FARMERS MUTUAL INSURANCE COMPANY

**Direct Appeal from the Circuit Court for Benton County**
**No. 5CCV-1045     Julian P. Guinn, Judge**

_____

**No. W2006-02100-COA-R3-CV - Filed July 12, 2007**

_____

This lawsuit concerns coverage for real and personal property under three insurance policies issued by Defendant.  The trial court awarded partial summary judgment to both parties and entered final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.  Both parties appeal. We vacate the trial court's order entering final judgment pursuant to Rule 54.02 and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

Sam J. Watridge and Joseph E. Tubbs, Humboldt, Tennessee, for Gladys Tuturea.

Charles L. Trotter, Jr., Huntington, Tennessee, for Tennessee Farmers Mutual Insurance Company.

**OPINION**

        This case concerns coverage under three insurance policies: two homeowner's policies and one automobile policy.  George Tuturea (Mr. Tuturea) and Plaintiff Gladys Tuturea (Mrs. Tuturea) were a married couple who lived in separate houses located about one mile apart.  The house primarily occupied by Mrs. Tuturea was titled in her name, and the house primarily occupied by Mr. Tuturea was titled in his name.  Mrs. Tuturea's house was insured by Defendant Tennessee Farmers Mutual Insurance Company ("TFMI") under homeowner's policy number HP 5217490.  Mrs. Tuturea was the only named insured listed on the policy.  Mr. Tuturea's home was insured by TFMI under homeowner's policy number HP 5445550.  Mr. Tuturea was the only name insured listed on the policy.  Additionally, TFMI issued an automobile insurance policy to Mrs.  Tuturea d/b/a Kentucky Lake Realty.  The automobile policy covered a Lincoln Town Car and a Dodge Ram, and Gladys Tuturea and George Tuturea were listed on the policy as "covered drivers."

In September 2004, Mr. Tuturea, who was suffering from terminal cancer, set fire to his house in an unsuccessful attempt to commit suicide. The home, personal property, and the two automobiles covered by the policies issued by TFMI were destroyed. At the time, Mrs. Tuturea had or was preparing to move into Mr. Tuturea's home to care for him in his illness. Mr. Tuturea subsequently died in December 2004. TFMI denied insurance coverage for the loss of Mr. Tuturea's house and the two automobiles on the grounds that the policies did not cover the losses because Mr. and Mrs. Tuturea were members of the same household and because the fire set by Mr. Tuturea was not "accidental."

On September 7, 2005, Mrs. Tuturea, individually and as the Representative of George Tuturea, filed a complaint against TFMI in the Circuit Court of Benton County. In her complaint, she alleged TFMI was liable under the policies of insurance for the losses of real and personal property caused by the fire. She also alleged that the fire set by Mr. Tuturea was accidental because he "suffered an insane attack prior to the fire and . . . his mental state remained that way for a period of time after the fire" and because he "was not in control of his actions due to his mental state." She asserted damages in excess of $300,000 and sought costs and reasonable attorney's fees. TFMI answered and denied liability under the policies and counterclaimed for policyholder bad faith under Tennessee Code Annotated § 56-7-106. TFMI also sought subrogation against the Estate of George Tuturea.

Following discovery, TFMI filed a motion for summary judgment asserting there was no coverage under the policies where, at the time of the fire, Mr. Tuturea and Mrs. Tuturea were lawfully married residents of the same household and Mrs. Tuturea was an insured by definition under each policy. TFMI further asserted there was no coverage under the policies where the fire which destroyed the real and personal property was not accidental, but intentionally set by Mr. Tuturea. In her response, Mrs. Tuturea asserted she and Mr. Tuturea were not members of the same household where "[s]ometimes they would stay in the same house and at other times they would reside apart." She further asserted the fire was accidental because Mr. Tuturea "was determined to be mentally insane at the time in which the fire occurred." She further asserted that the issue of whether Mrs. Tuturea was an "insured" under the policy had "no bearing on whether or not there is coverage under the policies for the house . . . ." She asserted that the issue involved a determination of under which homeowner's policy she was entitled to pursue her claim to recover for personal property that was destroyed. She also submitted that she was entitled to recover under the automobile policy where, first, the fire was not intentionally set by reason of mental illness and second, where although the policy excluded loss caused by the intentional act of a covered person, it stated, "however the interest of the loss payee shown in the declarations shall not be invalidated by such act or omission by a covered person."

Following a hearing on the matter on June 1, 2006, the trial court entered judgment on the matter on July 14, 2006. The trial court concluded that Mr. Tuturea intentionally set the fire that destroyed his house and that, as a member of the household, Mrs. Tuturea could not recover for the loss of the real estate. The trial court further concluded that Mr. Tuturea intentionally burned the motor vehicles when he intentionally burned the house. The court determined that, as a member of

the household, Mrs. Tuturea could not recover under the automobile policy for loss of the automobiles. Finally, the trial court determined that the policies were "ambiguous and as a matter of fact come very close to defying comprehension by the average person." It concluded that Mrs. Tuturea's right to recover for the loss of her personal property under the homeowner's policies was controlled by the "innocent coinsured" doctrine under *Finch v. Tennessee Farmers Mutual Insurance Company*, No. 01A01-9607-CV-00342, 1997 WL 92073 (Tenn. Ct. App. Mar. 5, 1997)(*no perm. app. filed*). The trial court's order states:

> The Court further finds *sua sponte* that this matter should be and the same is hereby removed from the trial docket and further proceedings stayed. Moreover, as this case presents legal questions that badly need appellate review, the Court *sua sponte* orders an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Alternatively, the Court pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure directs the entry of a final judgment as to the claims of the Plaintiff Gladys Tuturea, individually and as Representative of George Tuturea, for recovery under the foregoing insurance policies upon the express determination that there is no just reason for delay and expressly directs the entry of a final judgment.

Both parties filed timely notices of appeal to this Court. We vacate entry of final judgment pursuant to Rule 54.02 and remand for further proceedings.

### Issue Presented

Mrs. Tuturea raises the following issues for our review:

(1)     Was the wife a member of George Tuturea's household?

(2)     Did George Tuturea commit an intentional act?

(3)     Was George Tuturea's "acute" change in mental condition an accident?

TFMI raises the additional issue, as we slightly restate it, of whether the trial court erred in its application of *Finch v. Tennessee Farmers*, 1997 WL 92073 (Tenn. Ct. App. 1997), to permit recovery by Ms. Tuturea for loss of her personal property as an innocent coinsured.

### Analysis

We begin our analysis by considering whether the trial court's order is an appropriate entry of final judgment pursuant to Tennessee Rules of Civil Procedure 54.02. Rule 54.02 provides:

> **Multiple Claims for Relief.**
> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are

involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

Tenn. R. Civ. P. 54.02.

Generally, the trial court's decision regarding whether to certify a judgment as final under Rule 54.02 is reviewed under an abuse of discretion standard. *Newell v. Exit/In, Inc.*, No. M2003-00434-COA-R3-CV, 2004 WL 746747, at *1 (Tenn. Ct. App. Apr. 7, 2004) (*no perm. app. filed*). However, this Court has noted that "[t]he rule itself establishes the basic legal standard," and our Supreme Court has stated that it does not encourage the practice of "certifying interlocutory judgments as final under Rule 54.02, thereby requiring a litigant to file an appeal while the remainder of the litigation is ongoing . . . ." It observed that "[o]rders certifying interlocutory judgments as final 'should not be entered routinely' and 'cannot be routinely entered as a courtesy to counsel.' Such orders must be supported by a record indicating why there is 'no just reason for delay,' and will preferably include specific findings of fact to that effect." *Harris v. Chern*, 33 S.W.3d 741, 745, n. 3 (Tenn.2000)(quoting *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 921-22 (Tenn. Ct. App. 1991)). Noting the disfavor of judgments pursuant to Rule 54.02 which result in piecemeal appellate review, in *In re Adoption of A.B.K.* this Court held that the trial court's entry of final judgment pursuant to Rule 54.02 was not appropriate in an action to terminate parental rights and for adoption where, regardless of how we determined the issues raised on appeal, the matter would likely be brought before this Court again. *In re Adoption of A.B.K.,* No. E2001-02199-COA-R3-CV, 2002 WL 1042183, (Tenn. Ct. App. May 23, 2002) (*no perm. app. filed*).

In the current case, TFMI's counterclaim for policyholder bad faith under Tennessee Code Annotated § 56-7-106 is directly related to and contingent upon the trial court's determination regarding coverage under the insurance policies. Additionally, in addition to the two automobiles, the record contains a nine page "personal property inventory" which includes personal property as diverse as tools, clothing, appliances, and cutlery. The trial court's judgment, however, awards Mrs. Tuturea recovery for the loss of "her personalty" without determining which items on the inventory list are, in fact, Mrs. Tuturea's property and without determining whether she may recover for the loss of one or both automobiles. Thus, the claim has not been fully adjudicated where the property covered has not been determined, and the question of what property is recoverable by Mrs. Tuturea is likely to be the subject of further appeal.

Further, the trial court's rationale for entering the judgment as final pursuant to Rule 54.02 is not based on findings that support a determination that there is "no just reason for delay." Rather,

the trial court affirmatively determined that this matter was an appropriate one for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.[1] The use of the "alternative" entry of final judgment pursuant to Rule 54.02 in this case simply works an end-run around the rules governing interlocutory appeals and does not fully resolve Mrs. Tuturea's claim with respect to her personal property.

A judgment pursuant to Rule 54.02 is a final judgment with respect to a particular party or claim. Tennessee Rules of Civil Procedure 54.02. A final judgment is one which fully adjudicates the rights of the parties with respect to the claim pursued; a final judgment leaves nothing further for the court to resolve. *E.g., Shofner v. Shofner*, 181 S.W.3d 703, 712 (Tenn. Ct. App. 2004). Thus, judgment on a claim certified as final pursuant to Rule 54.02 must fully resolve the claim, leaving nothing further for the court to resolve with respect to that claim. *Id.* Additionally, implicit in entry of a final judgment pursuant to Rule 54.02 is a finding by the trial court that supports entry of the judgment. *Huntington Nat'l Bank v. Hooker*, 840 S.W.2d 916, 920 (Tenn. Ct. App. 1991). Upon review, if this Court determines that the trial court has improperly determined that "no just reason for delay exists," the appeal must be dismissed. *Id.*

As noted above, the current case does not fully resolve Mrs. Tuturea's claim with respect to recovery under the policies of insurance for her personal property. The judgment does not address the question of what items of personal property listed on the property inventory list are covered. Rather, the judgment in this case merely seeks to determine a question of law without fully resolving the totality of the claim. Additionally, the determination of the trial court and/or the parties that the question of law is one that requires resolution by this Court pursuant to interlocutory appeal does not provide a justifiable ground for entry of judgment pursuant to Rule 54.02.

### *Holding*

In light of the foregoing, we vacate entry of final judgment pursuant to Rule 54.02 and remand for further proceedings. Costs of this appeal are taxed one-half to Tennessee Farmers Mutual Insurance Company, and one-half to Gladys Tuturea, and their sureties, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[1] We specifically do not render an opinion herein regarding whether permission for an interlocutory appeal would be granted by this Court should such permission be sought.