



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Asad Almalhi | ) Docket No.     2023-08-1216 |
| | ) |
| v. | ) State File No.   36624-2022 |
| | ) |
| Indmar Products Co., Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Shaterra R. Marion, Judge | ) |

---

### Reversed and Remanded

---

This interlocutory appeal presents an issue of first impression. The employer asserts the trial court erred in ordering it to hire a certified or state-registered translator to translate certain written discovery requests into the employee's first language. The employee asserts that although he has certain proficiency in the English language, he remains concerned that he may have misunderstood the discovery requests and therefore could have erred in responding to them. The employer asserts that there is no rule or statute that mandates they pay to have written documents used in the scope of litigation translated into another language. Upon careful consideration of the record, we reverse the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Gregory H. Fuller and Houston M. Gunn, Brentwood, Tennessee, for the employer-appellant, Indmar Products Co., Inc.

Asad Almalhi, Memphis, Tennessee, employee-appellee, pro se

Timothy P. Kellum, Nashville, Tennessee, for the appellee, Subsequent Injury and Vocational Recovery Fund

### Factual and Procedural Background

This case presents an issue of first impression. Although certain rules give the Court of Workers' Compensation Claims the authority to order an employer to retain a

1

certified interpreter to attend hearings and assist in the interpretation of spoken words into an employee's first language, there are no rules, regulations, or statutes that address whether an employer has an obligation to hire a certified translator to translate written documents used in the scope of litigation into the employee's first language or translate an employee's written documents into English for filing with the court.

In the present case, Asad Almalhi ("Employee"), whose first language is Arabic, worked as a welder for Indmar Products Co., Inc. ("Employer"). Employee asserted he was injured on or about May 24, 2022, when he was exposed to excessive heat, fumes, smoke, and loud noises at work. Prior to the filing of the current appeal, certain evidence was submitted to the trial court indicating Employee had applied to become a naturalized United States citizen and had passed English proficiency requirements. On his original petition for benefits, signed and filed on February 17, 2023, Employee marked that he did not require an interpreter. He also completed and signed a Rule 72 Declaration in English summarizing his factual assertions.[1]

On August 26, 2023, Employee filed a motion asking the court to order an "Arabic Interpreter" to be present at an upcoming hearing. Employee asserted that he needed "to make sure I'll understand the conversation properly." The record contains no order specifically addressing this motion, but the court's September 19 Status Hearing Order indicated that an interpreter was present. This order also reflected, however, that Employer noted Employee had not requested an interpreter for his deposition, and Employee apparently agreed that he had understood "almost 100%" of the deposition questions. In a subsequent order setting an expedited hearing, the court ordered Employer to provide an Arabic interpreter for the expedited hearing.

Due to various circumstances, including inclement weather on the original date set for the expedited hearing, the court reset the hearing and again ordered Employer to provide an Arabic interpreter. Several months later, after having responded to some written discovery requests, Employee filed a motion asking the court to order Employer to translate "all documents into Arabic language, including the first request for Admission and Interrogatory [sic] propounded to employee." In support of this request, he asserted he needed to "understand complet[e]ly" those documents.[2]

Employer objected to Employee's motion for translation of the written documents into Arabic. It argued Employee had not requested the translation of these documents into Arabic when the discovery requests were sent, before he served his original

---

[1] Although the Rule 72 Declaration is handwritten, it is unclear whether Employee himself wrote the statement. However, his signature appears on all three pages of the Declaration.

[2] Generally, "interpretation" refers to spoken words, and "translation" refers to written words. *See, e.g.*, "What's the Difference Between a Translator and an Interpreter," https://www.atanet.org/client-assistance/whats-the-difference-between-a-translator-and-an-interpreter/ (last visited Sept. 9, 2024).

responses, or when the expedited hearing was originally set. It also noted that, although Tenn. Comp. R. and Regs. 0800-02-21-.13(3) gives a trial court the authority to order an employer to provide state-certified interpreters for hearings, there was no comparable rule or regulation addressing the translation of written documents. Moreover, it asserted that Employee's request for the translation of "all documents" was overbroad, onerous, and prejudicial to Employer.[3]

In an April 24, 2024 order, the trial court denied Employee's motion for the translation of written documents, reasoning that Employee had cited to no "rule, case, or statute supporting his motion." Thereafter, Employee filed a "Motion to Set Aside Order Denying Motion to Translate," which the trial court treated as a motion for reconsideration of its prior order. In support of this motion, Employee included a copy of an order from another trial court ordering the translation of certain documents. He also included a Rule 72 Declaration asserting he is "limited [in] reading and speaking English" and that he wants to "understand all documents" before answering any questions.[4]

Thereafter, the court entered an order granting Employee's motion to set aside its previous order and compelling Employer to provide certified translations of the interrogatories, requests for production of documents, and requests for admissions. The trial court first reasoned that although there is no applicable rule or regulation addressing the translation of written documents, the Workers' Compensation Law gives the court the general authority to "make orders, decisions, and determinations" in the context of determining claims for compensation. *See* Tenn. Code Ann. § 50-6-238(a)(3). Second, the court noted the concerns expressed by the Tennessee Court of Appeals that "litigants can be 'partially or completely excluded from full participation in the proceedings due to limited English proficiency ("LEP").'" *See Sud v. Man Keng Ho*, No. E2011-01555-COA-R3-CV, 2012 Tenn. App. LEXIS 213, at *20-21 (Tenn. Ct. App. Mar. 30, 2012) (citing Tenn. Sup. Ct. R. 41) ("It is essential that the resulting communication barrier be removed, as far as possible, so that these persons are placed in the same position as similarly situated persons for whom there is no such barrier."). Third, citing a case from the Tennessee Court of Criminal Appeals, the trial court concluded it had a duty to "determine whether a participant in a legal proceeding has a limited ability to understand and communicate in English." *See State v. Serghei*, No. M2021-00776-CCA-R3-CD, 2022 Tenn. Crim. App. LEXIS 411, at *12 (Tenn. Ct. Crim. App. Sept. 15, 2022). Finally, the court reasoned that "employers are generally better able to absorb the cost of translation," and it ordered Employer to pay those costs "in accord with Tennessee

---

[3] For its part, the Subsequent Injury and Vocational Recovery Fund indicated that it "has no objections to [E]mployee's motions."

[4] On May 6, 2024, Employee filed a Notice of Appeal with us arguing that the trial court had erred in not granting his motion for written translation of documents. However, on May 7, 2024, we dismissed that appeal as untimely. *See* Tenn. Comp. R. & Regs. 0800-02-22-.01(1)(a).

3

Supreme Court Rule 42," suggesting that any translator retained by Employer would be required to accept fees in accordance with that rule. Employer has appealed.

## Standard of Review

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2023). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes, rules, and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

## Analysis

In its notice of appeal, Employer raises three issues: (1) whether the trial court erred in determining it had the authority to amend its previous order; (2) whether the trial court erred in finding that Employee is entitled to the translation of written documents; and (3) whether the trial court erred in determining Employer is responsible to arrange and pay for such translation services.

### *Authority to Amend Interlocutory Orders*

Employer's argument that the trial court had no authority to set aside its interlocutory order hinges on its contention that Tennessee Rule of Civil Procedure 60.02 "governs motions for relief from interlocutory orders." That assertion, however, is not supported by Tennessee law, which draws a clear distinction between interlocutory orders and final orders. In *Discover Bank v. Morgan*, 363 S.W.3d 479 (Tenn. 2012), for example, the Tennessee Supreme Court addressed standards for granting or denying motions for default judgment. The Court explained as follows:

> Today we clarify that when a party seeks relief from a default judgment due
> to "excusable neglect," whether pursuant to Rule 54.02 (for interlocutory
> judgments), Rule 59.04 (for final judgments within thirty days of entry), or

4

Rule 60.02 (for final judgments more than thirty days after entry), a reviewing court must first determine whether the conduct precipitating the default was willful.

*Id.* at 493-94; *see also Jahen v. AER Express, Inc.*, No. E2022-00344-COA-R3-CV, 2023 Tenn. App. LEXIS 234, at *11 (Tenn. Ct. App. June 6, 2023). Thus, the Court made clear that interlocutory orders are not treated the same as final judgments.

Moreover, the Supreme Court has acknowledged that "non-final" orders are "subject to revision until [they are] expressly made final." *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000). We have discussed the non-finality of interlocutory orders in several prior opinions. *See, e.g.*, *Love v. Love Mgmt., Inc.*, No. 2020-06-0102, 2022 TN Wrk. Comp. App. Bd. LEXIS 9, at *28 (Tenn. Workers' Comp. App. Bd. Feb. 23, 2022) (Conner, J., concurring) ("[T]he trial court's order is interlocutory in nature and 'is subject to revision at any time prior to the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.'") (quoting Tenn. R. Civ. P. 54.02). Therefore, it is Rule 54.02, not Rule 60.02, that governs interlocutory orders, and that rule provides that interlocutory orders are subject to revision regardless of the conditions set out in Rule 60.02. Thus, we conclude Employer's first issue is without merit.

*Translation of Written Documents Used in Litigation*

We will address Employer's remaining issues together. The critical issue is whether the Court of Workers' Compensation Claims has the statutory or regulatory authority to order an employer to hire a certified translator to translate documents used in the course of litigation for a party asserting limited English proficiency. A corollary issue is whether the Rules of the Tennessee Supreme Court addressing interpretation and translation in the scope of litigation apply to the state's workers' compensation courts.

Rules 41 and 42 of the Rules of the Tennessee Supreme Court address "Ethics for Spoken Foreign Language Interpreters in Tennessee Courts" and "Standards for Court Interpreters," respectively. Rule 42, section 1, states that the rule "shall apply to all courts in this state, including without limitation, municipal court, general sessions court, juvenile court, probate court, circuit court, chancery court, criminal court, and the appellate courts." This expansive language could suggest that the rule applies to the Tennessee Court of Workers' Compensation Claims and the Workers' Compensation Appeals Board. Unfortunately, however, this question is not so easily answered. Section 7 of Rule 42 establishes a compensation scheme for interpreters and translators administered by the Administrative Office of the Courts ("AOC").[5] Thus, under Rule 42,

---

[5] The Administrative Office of the Courts was created to perform administrative functions for judicial branch courts under the authority of the Tennessee Supreme Court. *See* Tenn. Code Ann. § 16-3-501 *et seq.*; *see also Moore-Pennoyer v. State*, 515 S.W.3d 271 (Tenn. 2017) (stating "the AOC performs very important functions in the Judicial Department of Tennessee").

it is the AOC, not one of the parties, that bears the costs associated with litigation-related interpretation and translation services. Yet, there is no statute, rule, or regulation bringing the Court of Workers' Compensation Claims or the Workers' Compensation Appeals Board within the ambit of the AOC. Hence, without specific authority from the Tennessee Supreme Court, we conclude there is no mechanism by which a workers' compensation judge could order the services of an interpreter or translator and submit invoices for such services to the AOC. As a result, we conclude that the state's workers' compensation courts are not included within the scope of Rules 41 and 42 of the Rules of the Tennessee Supreme Court.

Thus, if the Rules of the Supreme Court do not provide authority in support of the trial court's order in this case, we must next consider whether the Workers' Compensation Law or applicable rules and regulations provide such authority. We have found no statute in the Workers' Compensation Law that addresses the issues of interpretation and/or translation of documents, and no such statute has been cited to us. However, there is a rule applicable to the Court of Workers' Compensation Claims that addresses the interpretation of spoken words. Tenn. Comp. R. and Regs. 0800-02-21-.13(3) states:

> The employer or their counsel must arrange for court-approved interpreters at all hearings. The interpreters must be either (1) state-certified court interpreters or (2) state-registered court interpreters. In areas where state-certified or state-registered court interpreters are unavailable, the judge may waive this requirement.

Although this rule places the burden on employers or their insurers to bear the expense of retaining an interpreter for hearings in which an interpreter is needed, this rule is silent as to who determines the need for an interpreter in any given case. This rule is also silent as to what, if any, circumstances could support an order for the translation of written documents. Hence, we conclude that the rules applicable to the Court of Workers' Compensation Claims provide no guidance with respect to whether a trial court can order an employer to arrange for and bear the expense of a translator.

The cases cited in the trial court's order also do not provide meaningful guidance regarding an order for *translation*. In *Sud v. Man Keng Ho*, a judgment was entered against the purported guarantor of a lease. *Sud*, 2012 Tenn. App. LEXIS 213, at *2. The guarantor spoke little to no English, and as such, the trial court allowed a co-defendant, who was a tenant on the lease, to serve as the interpreter at the hearing. *Id.* at *3-4. The Court of Appeals reversed the judgment and ordered a new trial, concluding the co-defendant was not certified as an interpreter and had a financial interest in the outcome. *Id.* at *20-21. Furthermore, the criminal case cited by the trial court involved a hearing in which a defendant whose first language was Russian was not provided an interpreter despite his request for one. *State v. Serghei*, No. M2021-00776-CCA-R3-CD, 2022

Tenn. Crim. App. LEXIS 411 (Tenn. Ct. Crim. App. Sept. 15, 2022). In short, neither case addresses the issue at hand.

Finally, we must consider whether the trial court's order is supported by the general statutory authority granted to the Court of Workers' Compensation Claims to conduct hearings and control the pace of litigation. As we have noted recently,

> The Tennessee Court of Workers' Compensation Claims is a court of statutorily defined, limited jurisdiction. The court was created as of July 1, 2014, to have "original and exclusive jurisdiction over all contested claims for workers' compensation benefits." Tenn. Code Ann. § 50-6-237. Judges on the Court of Workers' Compensation Claims are granted authority to "hear and determine claims for compensation, to approve settlements of claims for compensation, to conduct hearings, and to make orders, decisions, and determinations." Tenn. Code Ann. § 50-6-238(a)(3).

*Martinez v. ACG Roofing, Inc.*, No. 2021-08-0059, 2023 TN Wrk. Comp. App. Bd. LEXIS 31, at *10-11 (Tenn. Workers' Comp. App. Bd. July 12, 2023). Hence, the critical question is whether a trial court's general authority "to make orders, decisions, and determinations," as stated in Tennessee Code Annotated section 50-6-238(a)(3), encompasses the type of authority at issue in this case. However, for the reasons noted below, we conclude we need not reach this broader question.

Here, Employee indicated in his original petition that he did not need an interpreter. He attended a deposition and answered all questions without requesting an interpreter. He received Employer's interrogatories and requests for production of documents and served responses in English without seeking Employer's assistance with translation. He has not asserted those responses were deficient in some way due to a language barrier. In addition, Employer submitted information to the court suggesting that Employee had passed English proficiency requirements for the naturalization process, and the record contains no response from Employee refuting such assertions. Finally, in his motion seeking the translation of "all documents" into Arabic, Employee did not explain in any detail his need for the translations. His request was supported only by his statement, handwritten in English, that he wanted "[t]o understand complet[e]ly." During the motion hearing, with an interpreter available to assist, Employee did not specify any discovery requests that were unclear due to a language barrier.

In short, under the particular circumstances presented in this case, we conclude Employee did not come forward with any evidence to support the court's order

7

compelling Employer to arrange and pay for the translation of written documents used in the context of litigation.[6]

## Conclusion

For the foregoing reasons, we reverse the trial court's order and remand the case. Costs on appeal are taxed to Employee.

---

[6] Should Employee have specific questions or concerns regarding the correct translation of written materials, he may seek clarification from Employer or file a motion asking the trial court to set a hearing with an interpreter present during which he can seek assistance in resolving any ambiguities.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Asad Almalhi | ) | Docket No. 2023-08-1216 |
| | ) | |
| v. | ) | State File No. 36624-2022 |
| | ) | |
| Indmar Products Co., Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Shaterra R. Marion, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of September, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Houston M. Gunn Gregory H. Fuller | | | | X | hmgunn@mijs.com ghfuller@mijs.com nlevy@mijs.com |
| Asad Almalhi | | | | X | asadalmalhi@yahoo.com |
| Timothy Kellum | | | | X | timothy.kellum@tn.gov |
| Shaterra R. Marion, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov