IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 20, 2009 Session

## SAMANTHA NABORS v. WILLIAM M. ADAMS, M.D., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000369-07     John R. McCarroll, Jr., Judge**

_____

**No. W2008-02418-COA-R3-CV - Filed July 23, 2009**

_____

This appeal involves a medical malpractice action. In a motion for summary judgment, defendant physician asserted that plaintiff's expert witness failed to satisfy the requirements of the locality rule. The trial court granted the motion finding that plaintiff's expert failed to demonstrate a familiarity with the standard of care in defendant's community or a similar community. In a motion to alter or amend the judgment, plaintiff attached a supplemental affidavit of the same expert in order to cure the deficiency. The trial court considered the expert's supplemental affidavit and denied the motion because the new affidavit still failed to satisfy the locality rule. Plaintiff appeals. Reviewing the record, we find that the expert's supplemental affidavit cured the initial deficiency by relating facts which showed the similarity of the two communities. Accordingly, we reverse the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Daniel M. Czamanske, Jr., Clarksdale, Mississippi, for the Appellant, Samantha Nabors.

Teresa J. Sigmon, Katherine M. Anderson, Jonathan W. McCrary, Memphis, TN, for the Appellees, William M. Adams, M.D. and The Clinic for Plastic and Reconstructive Surgery, P.A.

**OPINION**

**Background**

Appellant Samantha Nabors was a patient of Dr. William Adams, a plastic surgeon practicing in Memphis, Tennessee. On February 13, 2006, Dr. Adams performed labiaplasty surgery on Ms. Nabors. A labiaplasty is elective surgery for the reduction and aesthetic improvement of the labia. After the surgery, Ms. Nabors was dissatisfied with the results.

To remedy the damage, Ms. Nabors visited Dr. John Miklos, a doctor practicing in Atlanta, Georgia with a specialty in urological gynecology. Dr. Miklos subsequently performed two surgeries to reconstruct the labia. The surgeries, however, could not repair the damage completely because, as Dr. Miklos noted, Dr. Adams essentially removed the entire labia minor.

On January 23, 2007, Ms. Nabors ("Plaintiff") filed a complaint against Dr. Nabors and his employer, The Clinic of Plastic and Reconstructive Surgery, P.A. ("Defendants"), in Shelby County Circuit Court. The complaint alleged that Dr. Adams's malpractice during the labiaplasty surgery caused significant physical and mental harm to Plaintiff. Defendants answered and filed a motion for summary judgment. The motion asserted that summary judgment was appropriate because Plaintiff could not establish her cause of action with competent expert proof. A ruling on the motion was postponed until Plaintiff could prepare her expert witness, Dr. Miklos.

Plaintiff then filed the affidavit of Dr. Miklos. In the affidavit, Dr. Miklos stated that he was familiar with the standard of medical care for this procedure in both Atlanta, Georgia and Memphis, Tennessee. He concluded that the labia reduction procedure performed by Dr. Adams was in violation of that standard of care. After taking Dr. Miklos's deposition, Defendants renewed their motion for summary judgment asserting that Dr. Miklos was not a competent expert. In support, Defendants pointed to the following passage in his deposition:

Q: Is there a national standard of care for the performance of labiaplasty?
A: I just never heard it put that way, national standard of care. I didn't know there was a big discrepancy.
Q: Well, would you testify differently about the standard of care in Florida for the performance of a labiaplasty than in Memphis, Tennessee?
A: I can't imagine I would, but, you know, I'm just trying to make sure that I don't–I just understand what you're saying.
Q: Do you know–tell me what you know about the Memphis medical community?
A: Nothing.
Q: Have you ever been to any hospitals in Memphis?
A: No.
Q: Do you know any plastic surgeons in Memphis?
A: No.
Q: Do you know how many ob-gyns or urogynecologists there are in Memphis?

A: No.
Q: Do you know any urogynecologists in Memphis?
A: Yes.
Q: Who do you know?
A: I believe Val Vogt is there

\* \* \*

Q: Do you know, Doctor, any plastic and reconstructive surgeons in Memphis, Tennessee?
A: Not that I'm aware of.
Q: Do you know how many colleges there are in Memphis, Tennessee?
A: No.
Q: How many hospitals there are?
A: No.
Q: How many hospitals are there in Atlanta?
A: I don't know.
Q: How many colleges are there in Atlanta?
A: I don't know.
Q: How many urogynecologists are there in the Atlanta area?
A: Anybody who wants to call themselves one.
Q: Do you know anything at all, Doctor, about the services or specialities that are available in Memphis, Tennessee?
A: No.

Plaintiff did not file a written response to Defendants' motion.

On June 24, 2008, the trial court entered an order striking Dr. Miklos as an expert witness and granting summary judgment to the Defendants. In this order, the trial court articulated the basis for its conclusion as follows:

It appears to the court that Dr. Miklos practices only in the Atlanta, Georgia area and is not licensed and has never practiced in Tennessee or in the Memphis area. Dr. Miklos has never been to any of the hospitals in Memphis and is wholly unfamiliar with the Memphis medical community and the services and resources available here. He was unable to articulate any factual basis whatsoever indicating that the Atlanta area in which he practices and the Memphis medical communities are similar medical communities. In fact, he admitted that he knows nothing about the Memphis medical community or the resources and services available here. Dr. Miklos, therefore, is not qualified as an expert under the Tennessee medical malpractice "locality" rule in Tennessee Code Annotated 29-26-115 and he is, therefore, stricken as an expert for plaintiff.

Within thirty days of the filing of this order, Plaintiff filed a motion to alter or amend the summary judgment pursuant to Tenn. R. Civ. P. 59.04.

The motion to alter or amend included the supplemental affidavit of Dr. Miklos. In this affidavit, Dr. Miklos recited facts about the medical communities (e.g., number of hospitals, estimated population) of Atlanta, Georgia and Memphis, Tennessee. With this new information, Dr. Miklos concluded that Memphis and Atlanta were similar communities with regard to the standard of care for a labiaplasty. The trial court considered the information provided in the supplemental affidavit but found that Dr. Miklos still did not qualify as an expert under the locality rule. Plaintiff then filed a timely notice of appeal.

## Law and Analysis

Summary judgment is appropriate when the moving party can show that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008); *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). When considering a summary judgment motion, the court must review the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 89 (Tenn. 2000). Because summary judgment only involves questions of law, our review of the trial court's ruling is de novo with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

We review a trial court's ruling on a motion to alter or amend a judgment under Tenn. R. Civ. P. 59.04 only for an abuse of discretion. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003); *Linkous v. Lane*, 276 S.W.3d 917, 924 (Tenn. Ct. App. 2008). A trial court abuses its discretion only when it has "applied an incorrect legal standard, or reached a decision which is against logic or reasoning that caused an injustice to the party complaining." *Henry v. Goins*, 104 S.W.3d 475, 479 (Tenn. 2003).

## A. Summary Judgment

In an action for medical malpractice, the claimant has the burden of proving "[t]he recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred." Tenn. Code Ann. § 29-26-115(a)(1). This element of the plaintiff's cause of action is known as the "locality rule." *Stovall*, 113 S.W.3d at 722. Like the other elements of medical malpractice, a plaintiff must demonstrate the recognized standard of care in the community with expert proof. *Norris v. East Tennessee Children's Hosp.*, 195 S.W.3d 78, 86 (Tenn. Ct. App. 2005). The plaintiff's expert must therefore "have knowledge of the standard of professional care in the defendant's applicable community or knowledge of the standard of professional care in a community *that is shown to be similar* to the defendant's community." *Stovall*, 113 S.W.3d at 722 (quoting *Robinson v. LeCorps*, 83 S.W.3d 718, 724 (Tenn. 2002).

-4-

In order to satisfy the locality rule, an expert may discuss a national standard of care but "such evidence may not substitute for evidence that first establishes the requirements of Tenn. Code Ann. § 29-26-115(a)(1)." *Stovall*, 113 S.W.3d at 722. In *Robinson*, the Court found that the expert witness failed to "relate the basis for his knowledge of the standard of care in Nashville or indicate why the Nashville medical community was similar to, and thus had the same standard of professional care as the community with which [the expert] was familiar." *Robinson*, 83 S.W.3d at 725. In *Stovall*, on the other hand, the expert witness "expressed understanding of the locality rule and explained that he had applied the locality standard of care-and not a national standard-to the facts and circumstances in this case." *Stovall*, 113 S.W.3d at 723.

In the present case, Dr. Miklos indicated in his deposition that he was completely unaware of the standard of care for this procedure in Memphis, Tennessee. Instead, he applied a national standard of care based on his experience in Georgia. On appeal, Plaintiff first asserts that the expert testimony is sufficient because Dr. Miklos is familiar with the procedure used by Dr. Adams. Because Dr. Miklos has performed the same procedure, Plaintiff argues that he can testify as to whether Dr. Adams performed it properly. This argument, however, ignores the first requirement of Tenn. Code Ann. § 29-26-115(a)(1), which demands familiarity with either defendant's community or a similar community. Mere familiarity with the relevant procedure is insufficient. Accordingly, we find that the trial court properly excluded Dr. Miklos as Plaintiff's expert witness at the summary judgment stage.

**B. Rule 59.04 Motion to Alter or Amend**

Plaintiff also contends that the trial court erred when it denied her motion to alter or amend the judgment. Plaintiff supported her Rule 59.04 motion with additional evidence; specifically, she attached the supplemental affidavit of Dr. Miklos. In this affidavit, Dr. Miklos cited reference materials to demonstrate that the Memphis and Atlanta medical communities were similar. Based on this new information, Dr. Miklos concluded that the two communities had the same standard of care for this particular surgery. Plaintiff argues that this affidavit satisfies the requirements of Tenn. Code Ann. § 29-26-115.

The Tennessee Supreme Court, in *Stovall*, stated that "[w]hen additional evidence is presented in support of a [Rule 59.04]motion, the trial court should consider the factors applicable to a motion to revise a partial summary judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure[.]" *Stovall*, 113 S.W.3d at 721. In considering such a motion, trial courts should therefore apply the following "non-exclusive balancing test":

> 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; 2) the importance of the newly submitted evidence to the movant's case; 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; 4) the likelihood that the nonmoving party will suffer unfair prejudice; and 5) any other relevant factor.

-5-

*Harris v. Chern*, 33 S.W.3d 741, 745 (Tenn. 2000). When applying this test, trial courts "should make adequate findings of fact and conclusions of law on the record to support their rulings." *Id*. As noted above, we review the trial court's ruling on a Rule 59.04 motion only for an abuse of discretion. *Id*. at 746; *see also*, *Stovall*, 113 S.W.3d at 721; *Kenyon v. Handal*, 122 S.W.3d 743, 766 (Tenn. Ct. App. 2003) (reviewing a trial court's application of the *Harris* factors to a Rule 59.04 motion for an abuse of discretion).

In *Kenyon*, the court explained that "relief under Tenn. R. Civ. P. 59.04 is available only when the supplemental affidavit effectively remedies the defects or shortcomings in the earlier affidavit opposing the physician's summary judgment motion." *Kenyon*, 122 S.W.3d at 765. The trial court may consider "[w]hether a new or supplemental affidavit effectively rebuts the defendant's affidavit" under the fifth *Harris* factor which allows consideration of "any other relevant factor." *Kenyon*, 122 S.W.3d at 765 n. 23 (citing *Harris*, 33 S.W.3d at 745). The court then concluded that "if a patient files a motion for Tenn. R. Civ. P. 59.04 relief relying on a new affidavit that itself does not satisfy the requirements of...Tenn. Code Ann.§ 29-26-115, the trial court may decline to set aside its previous summary judgment order." *Kenyon*, 122 S.W.3d at 765.

Here, the trial court decided to consider the information included in Dr. Miklos's supplemental affidavit. The record does not include any findings of fact or conclusions of law with regard to the four specific *Harris* factors. In its final order, the court only found that "Dr. Miklos still does not qualify under the locality rule and that his supplemental affidavit does not cure that." It therefore appears that the trial court's ruling was based solely on its conclusion that the supplemental affidavit did not satisfy the locality rule.

When the trial court granted summary judgment in favor of Dr. Adams, it found that Dr. Miklos failed to demonstrate that the Atlanta community was similar to the Memphis community. The trial court did not find, and Dr. Adams has not argued, that Dr. Miklos is unfamiliar with the standard of care for this medical procedure in Atlanta. The question, then, is whether Dr. Miklos's supplemental affidavit sufficiently demonstrates that the two communities are similar. *See Robinson*, 83 S.W.3d at 724.

Plaintiff's burden was to show why the Memphis medical community was similar to, and thus had the same standard of professional care as the community (here, Atlanta) with which Dr. Miklos was familiar. *See Stovall*, 113 S.W.3d at 723. To meet this burden, "a plaintiff's expert can establish that a community with which he or she is familiar is similar to that of the one in which the defendant practices based on a comparison of information such as the size, location, and presence of teaching hospitals in the two communities." *Travis v. Ferraraccio*, No. M2003-00916-COA-R3-CV, 2005 WL 2277589, at *11 (Tenn. Ct. App. Sept. 19, 2005). However, "[g]eneralizations regarding the similarity of the standards of professional care in two contiguous states are not specific enough information to demonstrate that a medical practitioner is qualified under the locality rule to render an opinion in a medical malpractice case." *Johnson v. Pratt*, No. W2003-02110-COA-R3-CV, 2005 WL 1364636, at *8 (Tenn. Ct. App. June 9, 2005).

Here, Dr. Miklos's supplemental affidavit recites specific information showing the similarities between the Atlanta and Memphis communities. In this affidavit, he lists the size of each city's population, the number of institutions of higher learning, and the number of hospitals in each city. He also notes that there is a level one trauma center and an accredited medical center in both Memphis and Atlanta. In short, he relies on the information recommended in *Travis* for his comparison; he does not rely on the generalizations rejected in *Pratt*. We find that the trial court erred when it determined that the supplemental affidavit failed to satisfy the locality rule. Consequently, the trial court erred in denying Plaintiff's motion to alter or amend the summary judgment granted to Defendants.

The judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings. Costs of appeal are assessed to Appellees Dr. William Adams and The Clinic for Plastic and Reconstructive Surgery, P.A., for which execution shall issue if necessary.

_____
J. STEVEN STAFFORD, J.