IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 22, 2017 Session

## BOBBIE HARJO CAUDILL, ET AL. v. CLARKSVILLE HEALTH SYSTEM, GP

**Appeal from the Circuit Court for Montgomery County**
**No. CC-15-CV-1578      Ross H. Hicks, Judge**

_____

### No. M2016-02532-COA-R3-CV

_____

The trial court granted summary judgment to the defendant medical provider based upon the expiration of the statute of limitations. On appeal, the appellant asserts that the statute of limitations was tolled because at the time the cause of action accrued, the decedent had been "adjudicated incompetent," as required by Tennessee Code Annotated section 28-1-106. We conclude that the appellant failed to meet her burden to show that the decedent was adjudicated incompetent at the time required to toll the statute of limitations. The trial court's ruling is therefore affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Christopher Kim Thompson, Nashville, Tennessee, for the appellant, Bobbie Harjo Caudill, individually and as personal representative of the Estate of Austin Amos Harjo.

Thomas A. Wiseman, III and Margaret Moore, Nashville, Tennessee, for the appellee, Clarksville Health System, GP.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

The facts in this case are undisputed for purposes of this appeal. On August 27, 2013, Plaintiff/Appellant Bobbie Harjo Caudill ("Appellant") and her sister filed an emergency petition for the appointment of a general guardian for their father, Austin Harjo ("Decedent"), in the District Court of Muskogee County, Oklahoma ("Oklahoma court"). The petition alleged that Decedent had dementia and mental illness and was incapable physically and mentally of caring for his own needs. Appellant and her sister appeared ex parte before the Oklahoma court. The Oklahoma court entered the emergency order on the same day that the petition was filed based on the finding that "irreparable harm [would] be done to" Decedent if the petition were not granted. The Oklahoma court also ordered a "[thirty] day review hearing," set for September 25, 2013. Appellant, her sister, and Decedent's wife appeared before the Oklahoma court on October 2, 2013. The minutes of the October 2, 2013 hearing in the record state that "the emergency g[uardianship] will remain in full force and effect until further orders of [the] [c]ourt . . .[with a further hearing] to be set ASAP/the end of October if possible." It is undisputed that no order was ever entered from the October 2, 2013 hearing.

Decedent eventually moved to Clarksville, Tennessee, in order to live with Appellant. Following a fall, Decedent was admitted to Clarksville Health System GP d/b/a/ Gateway Medical Center ("Gateway") on March 19, 2014. On March 24, 2014, Decedent was discharged from Gateway. Decedent's condition worsened, and he ultimately died on May 24, 2014.

On May 15, 2015 and May 19, 2015, Appellant sent Gateway a letter notifying the hospital of a potential health care liability action against it. On August 7, 2015, Appellant, individually and as personal representative of Decedent, filed a health care liability action against Gateway.[2] Appellant alleged that Decedent developed pressure sores and ulcers during his stay at Gateway that became infected, causing injury that resulted in Decedent's death. On October 13, 2015, Gateway filed an answer generally denying that Gateway's negligence caused or contributed to Decedent's injuries and raising the expiration of the statute of limitations as an affirmative defense.

On July 19, 2016, Gateway filed a motion for summary judgment, arguing that because Appellant knew of Decedent's injuries as early as March 24, 2014, the notice

---

[2] The complaint also contained allegations against GHS Holdings, LLC ("GHS"), Clarksville Holdings, LLC d/b/a Clarksville Health System, G.P. ("Clarksville"), and LP Clarksville, LLC d/b/a Signature HealthCARE of Clarksville ("Signature HealthCARE"). Appellant's claims against GHS and Clarksville were voluntarily dismissed without prejudice on September 9, 2015. Appellant's claims against Signature HealthCARE were submitted to arbitration by agreed order of December 17, 2015 and later voluntarily dismissed with prejudice by agreed order on October 18, 2016. Accordingly, Gateway is the only defendant at issue in this appeal.

letter sent on May 15, 2015, was untimely, and therefore did not have the effect of extending the statute of limitations. As such, Gateway argued that Appellant's complaint was untimely. In response to the motion for summary judgment, Appellant contended that Decedent had been adjudicated incompetent at the time of the accrual of this health care liability action and therefore the statute of limitations was tolled until his death on May 24, 2015, when "his incapacity was removed." According to Appellant, the statute of limitations therefore began to run on the date of Decedent's death; accordingly, the notice letter sent on May 15, 2015, was timely and extended the statute of limitations for another 120 days. In support, Appellant included a copy of the August 27, 2013 emergency order of guardianship entered by the Oklahoma court.

On September 12, 2016, the trial court entered an order granting Gateway's motion for summary judgment. Therein, the trial court noted that, although it examined the Oklahoma order in search of any language that would constitute an adjudication of incompetency, the Oklahoma order contains no provision adjudicating Decedent incompetent. The trial court further found that the Oklahoma order was a temporary order; however, the trial court found nothing in the record indicating what action, if any, the Oklahoma court took at the thirty day review hearing.

On October 7, 2016, Appellant subsequently filed a motion to alter or amend the trial court's ruling, attaching to the motion the minutes from the October 2, 2013 hearing in Oklahoma. The trial court entered an order denying Appellant's motion to alter or amend on November 15, 2016. The trial court first noted that Appellant failed to show why this document had not been presented in response to Gateway's motion for summary judgment. The trial court, however, went on to consider the merits of Appellant's argument. The trial court nevertheless concluded that the language of the minutes from the Oklahoma court merely constituted the entry of another temporary order because nothing in the record established that the Oklahoma court ever made a determination on the merits adjudicating Decedent as incompetent.

## Issues Presented

Appellant presented the following issues for our review, which are taken from her brief:

1. Whether the trial court was in error in failing to interpret the Oklahoma statute about guardianship and the Oklahoma court's ruling regarding the guardianship order in a liberally construed manner and in a light most favorable to the non-moving party.
2. Whether the trial court was in error in finding the statute of limitations had expired when Austin Amos Harjo had been previously adjudged to be incompetent or to have lost his legal rights in the state of Oklahoma.

**Standard of Review**

The trial court in this case granted summary judgment in favor of Gateway. Summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion; and (2) the moving party is entitled to judgment as a matter of law on the undisputed facts. Tenn. R. Civ. P. 56.04. On appeal, this Court reviews a trial court's grant of summary judgment de novo with no presumption of correctness. *Rye v. Women's Care Ctr. of Memphis*, MPLLC, 477 S.W.3d 235, 250 (Tenn. 2015) (citing *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997)), *cert. denied*, 136 S. Ct. 2452, 195 L.Ed. 2d 265 (2016). In reviewing the trial court's decision, we must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Luther v. Compton*, 5 S.W.3d 635, 639 (Tenn. 1999); *Muhlheim v. Knox Cnty. Bd. of Educ.*, 2 S.W.3d 927, 929 (Tenn. 1999). If the undisputed facts support only one conclusion, then the court's summary judgment will be upheld because the moving party was entitled to judgment as a matter of law. *See White v. Lawrence*, 975 S.W.2d 525, 529 (Tenn. 1998); *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995). When a moving party has filed a properly supported motion for summary judgment, the nonmoving party must respond by pointing to evidence that shows summary judgment is inappropriate. *Rye*, 477 S.W.3d at 264–65.

**Analysis**

Because this is an appeal from a grant of summary judgment, we must first determine the undisputed facts relevant to our analysis. In this case, Appellant concedes that her health care liability claim accrued on or about March 24, 2014, the date that Decedent was discharged from Gateway. Likewise, there is no dispute that this health care liability action is governed by a one-year statute of limitations, which limitations period may be extended by one-hundred twenty days when proper pre-suit notice is provided to the defendant health care provider. *See* Tenn. Code Ann. § 26-26-116 (providing that the statute of limitations in a health care liability action is one year from discovery of the alleged injury); Tenn. Code Ann. § 29-26-121 ("When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider."). Such pre-suit notice, however, must be sent "within the statutes of limitations and statutes of repose applicable to the provider[.]" Tenn. Code Ann. § 29-26-121(a)(3). Based upon an accrual date of March 24, 2014, pre-suit notice was therefore required to be sent on or before March 24, 2015, notwithstanding some form of tolling of the statute of limitations. Because Appellant sent her pre-suit notice on May 15, 2015, more than one-year from the accrual of this cause of action, her notice was untimely and did not serve to extend the applicable statute of limitations, unless some other law serves to toll the statute of

- 4 -

limitations. As such, in the absence of some form of tolling, the trial court correctly concluded that Appellant's claim was barred by the statute of limitations.

Appellant argues, however, that tolling under Tennessee Code Annotated section 28-1-106 is present in this case to extend the statute of limitations. Gateway apparently concedes that if tolling under section 28-1-106 is present, Appellant's claim was timely. Gateway argues, however, that Appellant failed to meet her burden to establish the applicability of section 28-1-106. We therefore proceed to address that question.

For purposes of this appeal, section 28-1-106 provides:

> If the person entitled to commence an action is, at the time the cause of action accrued, either under eighteen (18) years of age, or adjudicated incompetent, such person, or such person's representatives and privies, as the case may be, may commence the action, after legal rights are restored, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from restoration of legal rights.

Tenn. Code Ann. § 28-1-106 (2015).[3] Appellant argues that this provision applies because Decedent was "adjudicated incompetent" by the Oklahoma order of

---

[3] Section 28-1-106 was amended in 2016 to clarify the circumstances under which tolling may apply for an adult who lacks capacity. The current version of the statute provides the following additional language:

(b) Persons over the age of eighteen (18) years of age are presumed competent.
(c)(1) If the person entitled to commence an action, at the time the cause of action accrued, lacks capacity, such person or such person's representatives and privies, as the case may be, may commence the action, after removal of such incapacity, within the time of limitation for the particular cause of action, unless it exceeds three (3) years, and in that case within three (3) years from removal of such incapacity, except as provided for in subdivision (c)(2).
(2) Any individual with court-ordered fiduciary responsibility towards a person who lacks capacity, or any individual who possesses the legal right to bring suit on behalf of a person who lacks capacity, shall commence the action on behalf of that person within the applicable statute of limitations and may not rely on any tolling of the statute of limitations, unless that individual can establish by clear and convincing evidence that the individual did not and could not reasonably have known of the accrued cause of action.
(3) Any person asserting lack of capacity and the lack of a fiduciary or other representative who knew or reasonably should have known of the accrued cause of action shall have the burden of proving the existence of such facts.
(4) Nothing in this subsection (c) shall affect or toll any statute of repose within this code.
(d) For purposes of this section, the term "person who lacks capacity" means and shall be interpreted consistently with the term "person of unsound mind" as found in this section prior to its amendment by Chapter 47 of the Public Acts of 2011.

guardianship, which Appellant asserts remained in effect until Decedent's death. In contrast, Gateway argues that the order of guardianship is insufficient to constitute an adjudication of incompetency as required by section 28-1-106.

Few cases have construed the "adjudicated incompetent" language included in section 28-1-106. One such case, *Johnson v. UHS of Lakeside, LLC*, No. W2015-01022-COA-R3-CV, 2015 WL 9426034 (Tenn. Ct. App. Dec. 23, 2015), *perm. app. denied* (Tenn. May 6, 2016), serves as the cornerstone of both the parties' arguments and the trial court's decision. In *Johnson*, a patient was injured while being treated at a mental health facility. Prior to the injury, a physician had executed a Certificate of Need indicating that the patient was confused, disoriented, and unable to take care of his basic needs, which certificate allowed the patient to be held pending a court order. Following the patient's injury, the Shelby County General Sessions Court entered an order admitting the patient for "[e]mergency [d]iagnosis and [t]reatment," based upon probable cause that the patient was subject to involuntary admission pursuant to state law. *Id.* at *1. In addition to this order, the record also contained an undated Admission Summary signed by the general sessions court purporting to provide approval for the admission of the patient to the mental health facility.

Months after the patient's initial injury, his wife, the plaintiff, filed a petition to be appointed the patient's conservator. The probate court granted the petition and therefore entered an order removing the patient's legal rights. *Id.* at *2. The patient thereafter died, and the plaintiff filed a suit against the mental health facility for the injuries sustained by the patient while there. Although the plaintiff attempted to comply with the pre-suit notice requirements, the plaintiff's complaint was filed beyond one-year and 120 days from the date of the patient's injury. As such, the mental health facility filed a motion to dismiss on the basis of the expiration of the statute of limitations. The plaintiff responded that the statute of limitations was tolled by operation of section 28-1-106. The trial court eventually granted the mental health facility's motion to dismiss.

This Court agreed that the statute was inapplicable because, at the time the cause of action accrued, the patient had not been "adjudicated incompetent," as required by section 28-1-106. In reaching this result, we considered the plain language of the statute as a whole:

> [O]ur review of the statute at issue demonstrates that the meaning of the phrase "adjudicated incompetent" is clarified by the surrounding language in the statute. Specifically, the statute provides that the plaintiff may

---

2016 Tennessee Laws Pub. Ch. 932 (S.B. 1597), eff. April 27, 2016. The amended statute only applies, however, to "to causes of action filed on or after" the effective date of the statute. Because this case was filed on August 7, 2015, the amended statute does not apply. Accordingly, all citations to section 28-1-106 in this case are to the pre-2016 version of the statute.

commence the action "after legal rights are restored" within the applicable statute of limitations unless that time exceeds three years and, in that case, within three years "from restoration of legal rights." Tenn. Code Ann. § 28-1-106. Pursuant to [the accepted rules of statutory construction], the term "adjudicated incompetent" must be read in conjunction with the other parts of the statute that clearly contemplate a loss and restoration of "legal rights." Undoubtedly, it is the courts, rather than physicians, who can adjudicate an individual's legal rights. Furthermore, our holding is supported by this Court's Opinion in *Foster v. Allbright*, 631 S.W.2d 147, 150 (Tenn. Ct. App. 1982), which previously used the term "adjudication of incompetency" to refer to an order appointing a conservatorship, implying that this term denotes judicial action. Based on the foregoing, we conclude that the statutory language clearly contemplates that judicial intervention is necessary in order for an individual to be "adjudicated incompetent."

*Johnson*, 2015 WL 9426034, at \*6. Based upon this language and other law concerning disabilities for purposes of tolling the statute of limitations, we concluded that to establish tolling pursuant to section 28-1-106, "a plaintiff's mental incompetency must have been judicially adjudicated at the time his cause of action accrued." *Id.* (citing *McMillan v. Tennessee Board of Probation & Parole*, No. M2001-01843-COA-R3-CV, 2002 WL 31109735 (Tenn. Ct. App. Sept. 24, 2002), *perm. app. denied* (Tenn. Dec. 16, 2002); *Foster v. Allbright*, 631 S.W.2d 147, 150 (Tenn. Ct. App. 1982)). Based upon this interpretation, we concluded that section 28-1-106 was inapplicable because the plaintiff failed to prove that any "orders of the court had been entered on th[e] issue" of the patient's competency at the time his cause of action accrued, i.e. at the time he sustained his injury. *Id.* at \*7. Since the Opinion in *Johnson*, other decisions have likewise required a judicial order regarding the injured party's competence prior to the accrual of the patient's claim. *See Jones v. City of Franklin*, 677 F. App'x 279, 280–81 (6th Cir. 2017) ("[T]he term 'adjudicated incompetent,' by any reasonable interpretation, means that the person must have been the subject of judicial declaration that he was incompetent to handle his own affairs as a matter of law."); *Woodruff by & through Cockrell v. Walker*, No. W2016-01895-COA-R3-CV, 2017 WL 2304306, at \*7 (Tenn. Ct. App. May 26, 2017) (declining to apply section 28-1-106 where there was no court order concerning incompetence until after the accrual of the cause of action).

Here, Appellant does not dispute that section 28-1-106 requires a judicial determination in order for Decedent to have been adjudicated incompetent. Rather, Appellant asserts that prior to the accrual of Decedent's cause of action on March 24, 2014, an order had been entered by the Oklahoma court effectively adjudicating Decedent as incompetent for purposes of section 28-1-106, which order remained in effect until Decedent's death. In response to Gateway's motion for summary judgment, Appellant submitted an August 27, 2013 Emergency Order Appointing a Guardian for Decedent based upon allegations that "irreparable harm [would] be done" if a guardian

was not appointed. As such, Appellant and her sister were appointed as guardians for Decedent. The order, however, was entered ex parte and was temporary, with a review hearing set to occur on September 25, 2013. Because of the temporary nature of this order, the trial court ruled that it was insufficient to show that Decedent was adjudicated incompetent at the time Decedent's cause of action accrued.

We agree. It is well-settled that it is the plaintiff's burden to establish that the injured party was incompetent "during the entire time necessary to toll the statute." *McMillan*, 2002 WL 3110973, at *3; *see also* **Johnson**, 2015 WL 9426034, at *7 ("A plaintiff seeking an exception to the statute of limitations carries the burden of demonstrating its applicability."). In addition, under our summary judgment standard, when a defendant files a motion for summary judgment that shifts the burden to the plaintiff, the plaintiff "'must do more than simply show that there is some metaphysical doubt as to the material facts'" but must come forward with specific evidence showing that summary judgment is inappropriate. **Rye**, 477 S.W.3d at 265 (quoting **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)). Even assuming that an ex parte order of guardianship could serve as an adjudication of incompetence, the subject order by its very terms is emergency in nature and extends only until the September 25, 2013 review hearing date. Indeed, under Oklahoma statutory law, the guardianship court has jurisdiction to appoint a permanent guardian only "[a]fter the service of notice in a proceeding seeking the appointment of a guardian[.]" Okla. Stat. Ann. tit. 30, § 1-113. Before this notice, it appears that Oklahoma law only allows the guardianship court to enter a "temporary order of guardianship during the progress of the proceedings that would be in the best interest of the ward." Okla. Stat. Ann. tit. 30, § 1-114. Such an emergency temporary order, however, must be reviewed "not more than twenty (20) days from the time of making such order, to show cause why the order should not be granted for temporary guardianship." **Id.** Here, it is undisputed that the emergency guardianship order entered on August 27, 2013 was entered ex parte, without notice to all parties entitled to such notice. Consequently, it appears that this order was merely temporary in nature and required further judicial review after notice to remain in effect. As such, this order, standing alone, is insufficient to show that that Decedent was adjudicated incompetent at the time of the accrual of his cause of action on or around March 24, 2014, or thereafter, for purposes of tolling the applicable statute of limitations.

Appellant asserts, however, that additional information in the record supports the conclusion that the August 27, 2013 temporary order of guardianship had been extended and was in effect at the time of the accrual of Decedent's action until his death. Specifically, Appellant cites the minutes from an October 2, 2013 hearing before the Oklahoma court in which the court orally ruled that the emergency guardianship would "remain in full force and effect until further orders of [c]ourt." As such, Appellant asserts that at the time of the accrual of Decedent's action, he was under a court order of

guardianship that removed his legal rights, sufficient to meet the standard set forth in **Johnson** as to an adjudication of incompetency.

From our review of the record, the minute entry relied upon by Appellant was only presented to the trial court in conjunction with Appellant's motion to alter or amend the trial court's judgment. In her brief, however, Appellant does not raise the denial of her motion to alter or amend as an issue presented for review. Generally, only those issues that are specifically presented for review and included in a statement of the issues section of the appellant's brief will be considered by this Court. Tenn. R. App. P. 13(b) ("Review generally will extend only to those issues presented for review."); **Champion v. CLC of Dyersburg, LLC**, 359 S.W.3d 161, 163 (Tenn. Ct. App. 2011) ("An issue not raised in an appellant's statement of the issues may be considered waived."). This Court has previously held that consideration of the denial of a motion to alter or amend may be waived by failure to comply with the Rules of this Court. *See* **Progeny Mktg. v. Farmers & Merchants Bank**, No. M2003-02011-COA-R3-CV, 2005 WL 819732, at \*11 (Tenn. Ct. App. Apr. 7, 2005).

Even if we were to consider Appellant's motion to alter or amend notwithstanding Appellant's failure to raise the denial of that motion as an issue, we note that Appellant has failed to show that the minutes from the October 2, 2013 hearing are a proper matter to be considered in a motion to alter or amend. As we explained in **In re M.L.D.**, 182 S.W.3d 890 (Tenn. Ct. App. 2005):

> The purpose of a Rule 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final. **Bradley v. McLeod**, 984 S.W.2d 929, 933 (Tenn.Ct.App.1998) (overruled in part on other grounds by **Harris v. Chern**, 33 S.W.3d 741 (Tenn. 2000)). The motion should be granted when the controlling law changes before the judgment becomes final; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice. *Id.* A Rule 59 motion should not be used to raise or present new, previously untried or unasserted theories or legal arguments. **Local Union 760 of Intern. Broth. of Elec. Workers v. City of Harriman**, No. E2000-00367-COA-R3[-]CV, 2000 WL 1801856, at \*4 (Tenn. Ct. App. Dec. 8, 2000) *perm. app. denied* (Tenn. May 14, 2001), see **Bradley**, 984 S.W.2d at 933 (holding: a Rule 59 motion should not be used to raise new legal theories where motion for summary judgment is pending).

*Id.* at 895. Thus,

> In order to sustain a motion to alter or amend under Rule 59.04 based on newly discovered evidence, "it must be shown that the new evidence was

not known to the moving party prior to or during trial and that it could not have been known to him through exercise of reasonable diligence."

*Kirk v. Kirk*, 447 S.W.3d 861, 869 (Tenn. Ct. App. 2013) (quoting *Seay v. City of Knoxville*, 654 S.W.2d 397, 399 (Tenn. Ct. App. 1983) (citations omitted)). Moreover, as our Supreme Court explained:

> When additional evidence is presented in support of such a motion, the trial court should consider the factors applicable to a motion to revise a partial summary judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure: the moving party's effort to obtain the evidence in responding to the summary judgment; the importance of the new evidence to the moving party's case; the moving party's explanation for failing to offer the evidence in responding to the summary judgment; the unfair prejudice to the non-moving party; and any other relevant consideration. *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000) ("Cases analyzing Rule 59.04 motions to alter or amend . . . offer some guidance in determining the standard for revising non-final orders.").

*Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn.2003). The trial court's decision on whether to grant a Rule 59.04 motion to alter or amend a judgment is reviewed under an abuse of discretion standard. *Id.* (citing Harris, 33 S.W.3d at 746).

We cannot conclude that the factors outlined above favor consideration of the October 2, 2013 minutes in this case. First, we note that nothing in Appellant's motion to alter or amend indicates Appellant's efforts to locate the minutes at issue. Rather, Appellant's motion merely states that in light of the trial court's previous ruling, Appellant "was able to obtain the minutes from the October 2, 2013 hearing." Even more egregious, Appellant does not explain the reason that Appellant was unable to obtain copies of the minutes from the October 2, 2013 hearing prior to the hearing on Gateway's summary judgment motion. Indeed, the Oklahoma hearing took place nearly three years prior to the hearing on Gateway's motion for summary judgment. There is also no dispute that Appellant was present at the October 2, 2013 hearing and therefore was aware of the Oklahoma court's ruling.

We also conclude that to allow Appellant to rely on the October 2, 2013 minutes would result in unfair prejudice to Gateway. This Court has previously held that where information was "clearly available" to a litigant prior to the judgment, allowing a litigant to rely on that evidence in a motion to alter or amend "would result in unfair prejudice to the [party opposing the motion to alter or amend]." *Haynes v. Lunsford*, No. E2015-01686-COA-R3-CV, 2017 WL 446987, at *5 (Tenn. Ct. App. Feb. 2, 2017) (citing *Kirk*, 447 S.W.3d at 869). Because the minutes from the Oklahoma hearing were likewise "clearly available" to Appellant prior to the trial court's grant of summary judgment in

this case, we must conclude that it would be unfair to allow Appellant to rely on this document. Although Appellant undoubtedly believes that the October 2, 2013 minutes are important to the analysis of this case, given that the other factors at issue clearly militate against consideration and Appellant failed to raise the denial of her motion to alter or amend as an issue in her brief, we decline to consider the late-filed evidence in this case.

Based upon the only evidence properly before the trial court, we therefore conclude that the trial court did not err in concluding that the undisputed facts established that Appellant failed to meet her burden to show that Decedent was "adjudicated incompetent" at the time of the accrual of this cause of action and thereafter. Thus, regardless of whether Decedent in fact lacked capacity at this time, Appellant failed to show that the requirements of Tennessee Code Annotated section 28-1-106 were met in order to toll the statute of limitations. *See Johnson*, 2015 WL 9426034, at *6 (citing Tenn. Code Ann. § 28-1-106 (2015) (requiring a court order adjudicating the injured person as incompetent for tolling under section 28-1-106 to apply). In the absence of tolling, the undisputed facts establish that Appellant's notice was untimely, *see* Tenn. Code Ann. § 29-26-121(a)(3), and that the statute of limitations was not thereby extended. As such, Appellant's complaint was filed outside the applicable statute of limitations. *See* Tenn. Code Ann. § 29-26-121(c). The trial court therefore did not err in granting summary judgment in favor of Gateway based upon the expiration of the applicable statute of limitations.

### Conclusion

The judgment of the Circuit Court of Montgomery County is affirmed, and this cause is remanded to the trial court for all further proceedings as are necessary and may be consistent with this Opinion. Costs of this appeal are taxed to Appellant, Bobbie Harjo Caudill, and her surety.

_____
J. STEVEN STAFFORD, JUDGE

- 11 -