# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 16, 2019 Session

## JEFFERY SMITH, ET AL. v. METHODIST HOSPITALS OF MEMPHIS, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-004846-00  Felicia Corbin Johnson, Judge**

_____

### No. W2018-00435-COA-R3-CV

_____

This appeal stems from a healthcare liability action filed nearly two decades ago. The defendant hospital filed a motion for summary judgment arguing that neither of the plaintiffs' expert witnesses was competent to testify and, therefore, the plaintiffs could not establish their claim. After the trial court granted the motion for summary judgment, the plaintiffs filed a motion to alter or amend the judgment along with a new affidavit of one of the previous experts, which purported to establish the expert's competency to testify. The trial court, however, denied the motion to alter or amend, and the plaintiffs specifically appealed the trial court's order denying their motion. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT E. LEE DAVIES, SR. J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Lenal Anderson, Jr., Memphis, Tennessee, for the appellants, Jeffery Smith, and Brenda K. Smith.

John R. Branson, Heather Colturi, and Bruce McMullen, Memphis, Tennessee, for the appellee, Methodist Healthcare-Memphis Hospitals.

## OPINION

### I. FACTUAL & PROCEDURAL HISTORY

The present appeal concerns a healthcare liability action originally filed in 1999. Because this is not the first appeal of this case, we incorporate the following relevant

facts from our Opinion in a prior appeal:

On August 24, 1999, Jeffery Smith was admitted to Methodist Hospital ("the Hospital") for elective umbilical hernia repair under the care of his surgeon. General anesthesia was obtained after a difficult esophageal intubation. The surgery itself was unremarkable, and Mr. Smith was discharged from the Hospital that same day. Two days later, Mr. Smith returned to the emergency room at the Hospital with respiratory distress, swelling of his pharnyx, and an infection. He underwent an emergency tracheotomy and another surgery and was hospitalized an additional sixteen days.

In August 2000, Mr. Smith and his wife, Brenda Smith (collectively, "Plaintiffs") filed this lawsuit against the Hospital and other defendants, alleging medical malpractice. Plaintiffs' claims against the other defendants were dismissed for various reasons, and the Hospital became the sole remaining defendant. Plaintiffs' complaint alleged that the Hospital was negligent in failing to provide Mr. Smith with proper postsurgical care, failing to inform him of the risks attendant to infection, failing to provide equipment free of infectious disease, failing to train and monitor the anesthesiologist and nurse anesthetist, and permitting an "incompetent" surgeon and anesthesiologist to utilize its facilities.

In June 2001, Plaintiffs responded to interrogatories and indicated that they intended to call one of Mr. Smith's treating physicians, Dr. Victoria Lim, as "their expert [at] trial." In December 2002, the Hospital filed a motion for summary judgment. The motion pointed out that Dr. Lim was the sole expert identified in the Plaintiffs' responses to interrogatories. The Hospital claimed that Dr. Lim's deposition testimony regarding causation was speculative, as she had stated that an earlier detection of Mr. Smith's condition "may have" prevented further complications, "hopefully," but "not necessarily." Thus, the Hospital argued that Plaintiffs could not establish causation through the testimony of their only expert, and therefore, summary judgment was appropriate.

A consent order was entered on January 31, 2003, which stated that Plaintiffs were not in a position to oppose the Hospital's motion for summary judgment. Accordingly, the order provided, the Hospital's motion for summary judgment would be granted unless the Plaintiffs filed with the court an expert affidavit in opposition to the motion within thirty days.

Approximately thirty days later, Plaintiffs filed the affidavit of nurse

Joyce Hudspeth. Relevant to the issue of causation, Nurse Hudspeth stated that Mr. Smith's subsequent surgeries "could have been avoided with early detection and medical management." Nurse Hudspeth later withdrew from serving as an expert witness for the Plaintiffs, but the Plaintiffs filed a substantially similar affidavit from another nurse in October 2003.

On December 1, 2003, the trial court entered an order granting summary judgment to the Hospital on the Plaintiffs' medical malpractice claim "because Plaintiffs did not present testimony of a medical doctor that any action or failure to act on the part of [the Hospital] made any difference in the medical outcome of the condition of the Plaintiff, Jeffrey Smith."

In that same order, the trial court granted the Plaintiffs leave to file a supplemental complaint against the Hospital, due to Plaintiffs' allegations that the Hospital had interfered with their contract with the nurse who initially served as their expert witness, Nurse Hudspeth. Thereafter, Plaintiffs filed a supplemental complaint alleging that an agent of the Hospital wrongfully contacted and pressured Nurse Hudspeth's employer after she provided an affidavit in this matter, which led Nurse Hudspeth to terminate her contract with the Plaintiffs.

*Smith v. Methodist Hosps. of Memphis*, No. W2011-00054-COA-R3-CV, 2012 WL 3777139, at *1-2 (Tenn. Ct. App. Aug. 31, 2012) (footnotes omitted).

In September 2010, the Hospital filed a second motion for summary judgment on the tortious interference with contract claim. The trial court granted the Hospital's motion finding that it was "undisputed that Nurse Hudspeth voluntarily withdrew as the Plaintiffs' expert witness, and that she did not withdraw as a result of the contact made by the Hospital with her employer." *Id.* at *3. On appeal, however, this Court reversed the trial court's December 2003 order granting summary judgment on the malpractice claim. *Id.* at *6. We determined that the Hospital failed to demonstrate, under *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1 (Tenn. 2008), that Plaintiffs could not prove an essential element of their claim at trial (causation), explaining that "[w]ithout such a limitation [such as a scheduling order or deadline for disclosing expert witnesses] on the Plaintiffs' ability to retain another expert, the Hospital . . . simply demonstrated that the Plaintiff could not establish an essential element of their case with *that expert* [Dr. Lim's] testimony." *Smith*, 2012 WL 3777139, at *6 (citing *Hannan*, 270 S.W.3d at 19-20).

On remand, Plaintiffs designated Dr. Lim and a nurse, Cheryl Brennan, R.N., as experts, and the Hospital again filed a motion for summary judgment arguing that neither expert was qualified to testify. On October 10, 2017, the trial court entered an order granting the Hospital's motion for summary judgment on the nursing negligence claims. It noted that Plaintiffs never responded to the Hospital's statements of undisputed facts

and conceded during the hearing that the facts were undisputed.

Regarding Ms. Brennan, the court found that the Hospital carried its burden of proving she was not competent to testify under Tennessee Code Annotated section 29-26-115(b) because, while she was a licensed nurse during the year preceding the alleged negligence, there is no evidence that she provided clinical care as a nurse during such time. Rather, the evidence suggests that she was working in an administrative capacity at a hospital and owned a nursing staffing company that year. According to the court, neither job qualified Ms. Brennan to give her opinion as to the relevant nursing standard of care.

As for Dr. Lim, the court found that the Hospital demonstrated that, based on Dr. Lim's own admission, she was not familiar with the acceptable standard of professional practice for recovery room nurses in 1999. Therefore, the trial court determined that Plaintiffs failed to present a genuine issue of material fact concerning their claims.

After the hearing but before the trial court entered the order granting the Hospital's motion for summary judgment, Plaintiffs filed a new affidavit of Ms. Brennan in which she stated that during 1999, the year preceding the alleged injury, she was a clinical nurse who filled in and covered for nurses in different areas of the hospital. Plaintiffs then filed a motion to alter or amend the order relying on the new Brennan affidavit, which the trial court denied. It explained:

> In particular, the Court finds that even if Plaintiffs met their burden to demonstrate that the factors weighed in favor of considering the newly filed, supplemental Affidavit, of Ms. Brennan under *Harris v. Chern*, 33 S.W.3d 741 (Tenn. 2000), and even if the Court considers the supplemental Affidavit of Ms. Brennan, the Court is still persuaded that Ms. Brennan has not demonstrated requisite familiarity with the nursing standard of care in a post-operative setting relating to Mr. Smith's care. The Court is not able to find that Ms. Brennan is familiar with the standard of care applicable to this case during the one (1) year preceding the alleged negligence.

The court also upheld its ruling that Dr. Lim was not qualified to testify regarding the applicable nursing standard of care and, therefore, could not give an opinion on causation.

Again, Plaintiffs appeal. For the following reasons, we affirm the trial court's decision and remand for further proceedings.

## II. DISCUSSION

A single issue was raised in Plaintiffs' brief on appeal under the heading

"STATEMENT OF ISSUES PRESENTED FOR REVIEW": Whether the trial court erred in denying Plaintiffs' motion to alter or amend. This Court reviews a trial court's decision on a motion to alter or amend for abuse of discretion. *Stovall v. Clarke*, 113 S.W.3d 715, 721 (Tenn. 2003).

Under Rule 59.04 of the Tennessee Rules of Civil Procedure, a party may file a motion to alter or amend a judgment within 30 days after its entry. Tenn. R. Civ. P. 59.04. When presenting additional or new evidence in support of their motion to alter or amend, the trial court should consider the *Harris v. Chern* factors applicable to a motion to revise a partial summary judgment under Rule 54.02. *Stovall*, 113 S.W.3d at 721 (citing *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000)). Those factors include:

> 1) the movant's efforts to obtain evidence to respond to the motion for summary judgment;
>
> 2) the importance of the newly submitted evidence to the movant's case;
>
> 3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment;
>
> 4) the likelihood that the nonmoving party will suffer unfair prejudice; and
>
> 5) any other relevant factor.

*Harris*, 33 S.W.3d at 745. When applying the test, trial courts also "should make adequate findings of fact and conclusions of law on the record to support their rulings." *Id.*

On appeal, Plaintiffs have argued at length that the trial court failed to properly consider the first four *Harris v. Chern* factors in denying their motion to alter or amend. However, it is unclear to us why Plaintiffs are arguing on appeal a point on which they seemingly prevailed before the trial court. Although the trial court did indeed fail to make specific findings as to each of the factors, its order plainly stated that the court *assumed* Plaintiffs had satisfied the relevant factors. It appears, though, that the fifth factor, which permits consideration of "any other relevant factor," was the basis of the court's decision.

This Court, while contemplating a similar scenario involving a supplemental affidavit, discussed an appropriate consideration under the fifth *Harris v. Chern* factor:

> Implicit in the *Harris v. Chern* opinion is the Tennessee Supreme Court's recognition that relief under Tenn. R. Civ. P. 59.04 is available only when

the supplemental affidavit effectively remedies the defects or shortcomings in the earlier affidavit opposing the physician's summary judgment motion. Trial courts are not required to grant relief from an order granting a summary judgment if the patient remains unable to demonstrate the existence of a material factual dispute requiring a trial. Thus, if a patient files a motion for Tenn. R. Civ. P. 59.04 relief relying on a new affidavit that itself does not satisfy the requirements of Tenn. R. Civ. P. 56.06, Tenn. R. Evid. 104(a), Tenn. R. Evid. 702, or Tenn. Code Ann. § 29–26–115, the trial court may decline to set aside its previous summary judgment order.

*Kenyon v. Handal*, 122 S.W.3d 743, 765 (Tenn. Ct. App. 2003) (footnote omitted).

Here, Plaintiffs appear to be under the mistaken belief that the trial court denied their motion to alter or amend because it found that the *Harris v. Chern* factors were not met; however, according to the court's order, the trial court declined to set aside its summary judgment order because it found that the evidence presented in the affidavit of Ms. Brennan did not satisfy the requirements of Tennessee Code Annotated 29-26-115(b), which is a proper consideration under *Harris v. Chern*. The statute provides:

No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. . . .

Tenn. Code Ann. § 29-26-115(b).

The trial court concluded in its order granting the Hospital's motion for summary judgment that Ms. Brennan's experience working as an administrator at a hospital in the year prior to the alleged negligence was not relevant to the specific issues in the case. In the later-submitted affidavit, Ms. Brennan claimed that in her job she "was called upon not only to supervise but to also deliver patient care including covering for any nurse who was absent and/or during times when relief was needed." Even so, the trial court concluded that Plaintiffs failed to show Ms. Brennan's familiarity with the applicable standard of care for recovery room nurses in 1999.

Our review leads us to conclude that the trial court did not abuse its discretion in denying Plaintiffs' motion. Section 29-26-115(b)'s competency standard requires a potential expert to practice a profession or specialty "which would make the person's expert testimony relevant to the issues in the case" during the year proceeding the alleged

negligence. Tenn. Code Ann. § 29-26-115(b). The trial court did not err in its determination that Ms. Brennan's vague statement in her 2017 affidavit that she filled in various areas of the hospital as needed in 1999 was insufficient to cure the shortcomings in her earlier affidavit and, therefore, to warrant setting aside the order granting summary judgment.

In addition, within the argument section of their brief and at oral argument, Plaintiffs attempted to challenge the trial court's underlying October 2017 order granting the Hospital's motion for summary judgment. Plaintiffs, however, failed to properly designate this as an issue. "'Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals.'" *Bunch v. Bunch,* 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008) (quoting *Hawkins v. Hart,* 86 S.W.3d 522, 531 (Tenn. Ct. App.2001)). And, our supreme court has clearly stated that "an issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citing *ABN AMRO Mortg. Grp., Inc. v. S. Sec. Fed. Credit Union*, 372 S.W.3d 121, 132 (Tenn. Ct. App. 2011); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)). Thus, we conclude that Plaintiffs waived any such issues concerning the trial court's order granting the Hospital's motion for summary judgment.

## III. CONCLUSION

For the aforementioned reasons, the judgment of the trial court is hereby affirmed and remanded for proceedings consistent with this opinion. Costs of this appeal are taxed to the appellants, Jeffery Smith and Brenda K. Smith, for which execution may issue if necessary.

_____
ROBERT E. LEE DAVIES, SENIOR JUDGE