FILED
08/14/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2019 Session

## IN RE ESTATE OF RICKIE CHARLES VAUGHN

**Appeal from the Probate Court for Shelby County**
**No. D-14407-1      Kathleen N. Gomes, Judge**

_____

**No. W2018-01600-COA-R3-CV**
_____

J. KENNY ARMSTRONG, dissenting in part.

I must respectfully dissent from the majority's decision that Appellant's April 12, 2018, post-judgment motion should be treated as a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment so as to extend the time for filing his notice of appeal under Tennessee Rule of Appellate Procedure 4(b).

As conceded by the majority, "Mr. DeSoto's April 12 motion specifically invoked Rule 54.02 and was brought as a 'motion to revise' as opposed to being denominated as a motion to alter or amend under Rule 59.04." This labeling was grounded in Mr. DeSoto's mistaken belief that the probate court's March 13, 2018 order was not final. As noted by the majority, Mr. DeSoto's motion specifically states that it is not brought under Rule 59.04. Furthermore, in her rebuttal argument before this Court, Mr. DeSoto's counsel confirmed her belief that the March 13, 2018 order was not final and affirmed that it was not her intention to file the post-judgment motion under Rule 59, to-wit:

> I still don't believe the order dismissing Mr. DeSoto was a final order. I filed a motion for interlocutory appeal within 30 days with a motion to revise under Rule 54.02 and even noted in the body of that motion that there was not a final order, and that's why we were not [proceeding] under Rule 59. [The trial court] never addressed my motion for interlocutory appeal or my request to have [the March 13, 2018] order certified as final under Rule 54.02.

Despite Mr. DeSoto's position that the March 13, 2018 order was not final, the majority correctly holds that "[u]nder the holding in ***In re Trigg*** . . . Mr. DeSoto's statement that there was no final judgment is incorrect." Because the March 13, 2018 order was final, there could be no interlocutory appeal of this order, and certification of

finality under Rule 54.02 was unnecessary. Throughout these proceedings, both at the trial court hearing on the motion to revise and at oral argument before this Court, Mr. DeSoto's attorney has maintained that her intent was to file the post-judgment motion under Rule 54.02 and not under Rule 59, yet the majority insists that the motion should be considered a Rule 59 motion to alter or amend the judgment. By doing so, the majority disregards Mr. DeSoto's clear position that his post-judgment motion did not rest on Rule 59 grounds. The Tennessee Supreme Court has cautioned that "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her. . . ." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). Nonetheless, the majority concludes that the "essence of the argument[s]" set out in Mr. DeSoto's motion are "typical" of the types of arguments that are urged in "motions to alter or amend under Rule 59.04." By treating Mr. DeSoto's motion as a Rule 59.04 motion, the majority concludes that the time for filing his notice of appeal was extended under Tennessee Rule of Appellate Procedure 4(b), *infra*, and that his notice of appeal was timely so as to confer subject matter jurisdiction on this Court. I disagree.

First, I address what I consider to be the majority's oversimplification of the similarity between Rule 54.02 motions and Rule 59.04 motions. Rule of Civil Procedure 54.02, on which Mr. DeSoto relies, states, in part:

> **In the absence of such determination and direction [of finality]**, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision **is subject to revision at any time before the entry of the judgment adjudicating all the claims** and the rights and liabilities of all the parties.

(Emphases added). Although the majority correctly holds that the March 13, 2018 order was final, it cites a number of cases wherein motions filed under Rule 59.04 (which addresses alteration and amendment of final orders) were treated as Rule 54.02 motions to revise when the court determined that the order under review was not final at the time of the filing of the Rule 59.04 motion. The majority then states that "[i]t stands to reason that the same type of treatment, albeit in reverse, should be given here." This conversion, however, is not as simple as the majority opines. This is because the conversion of a prematurely filed Rule 59.04 motion to alter or amend a judgment that is not final into a Rule 54.02 motion to revise an interlocutory order does not implicate the extension of time for filing a notice of appeal under Tennessee Rule of Appellate Procedure 4(b), which states:

> In a civil action, if a timely motion under the Tennessee Rules of Civil Procedure is filed in the trial court by any party: (1) under Rule 50.02 for

judgment in accordance with a motion for a directed verdict; (2) under Rule 52.02 to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (3) under Rule 59.07 for a new trial; (4) under Rule 59.04 to alter or amend the judgment; the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion.

Because a proper Rule 59.04 motion extends the time for filing a notice of appeal, the Tennessee Supreme Court has mandated that, when presented with an ambiguous post-judgment motion, courts are to consider the substance of the motion rather than its form. ***Tennessee Farmers Mut. Ins. Co. v. Farmer***, 970 S.W.2d 453, 455 (Tenn. 1998). The majority's statement that "[t]he difference between Rule 54.02 motions to revise and Rule 59.04 motions to alter or amend is one of timing" is not correct. The Tennessee Supreme Court's mandate to consider the substance of the motion does not, *ipso facto*, mean that a post-judgment motion should be treated as a Rule 59.04 motion merely because the motion is filed within 30 days of entry of a final judgment. Rather, to determine whether a mislabeled or otherwise ambiguous post-judgment motion should be construed as a Rule 59.04 motion, a court must carefully consider the substance of the motion, including the relief sought therein. In fact, it is the requested relief that often drives the inquiry; as explained by the Tennessee Supreme Court, "[i]t is well settled that a trial court is not bound by the title of the pleading, but has the discretion to treat the pleading **according to the relief sought**." ***Norton v. Everhart***, 895 S.W.2d 317 (Tenn.1995) (citations omitted) (emphasis added). This principle of construction applies to motions as well as pleadings. ***Anderson v. DTB Corp***., No. 89-172-11, 1990 WL 33380, at *2 (Tenn. Ct. App. March 28, 1990).

In view of the majority's holding that the trial court's March 13, 2018 order is final, the relief requested in Mr. DeSoto's April 12, 2018 motion, i.e., interlocutory appeal, revision under Rule 54.02, and certification of finality under Rule 54.02 is unavailable under Rule 59.04. In other words, there is no interlocutory appeal from a final order, and Rule 54.02 revision applies only to interlocutory orders. Furthermore, the March 13, 2018 order was final by operation of law, and there was no need to certify it as such under Rule 54.02.[1] The majority's conclusion that "the substance of the

---

[1] Contrary to footnote 3 of the majority's opinion, Mr. DeSoto sought certification of the March 13, 2018 order as final. Specifically, at the hearing on the motion for summary judgment, Mr. DeSoto's attorney states, in relevant part that:

> I would submit that the Rules of Civil Procedure would be the guide to instances regarding the petition for heir[ship], which is what we relied on, 54.02, is not all claims by all parties have been adjudicated.
> I will say this might be the perfect time to have this case for a 54.02 certification, whereas you don't necessarily have a final order per the definitions set forth in 54.02, but I do think that there being no just [] reason for delay, this is the perfect type of case . . .

- 3 -

requested relief is qualitatively similar to the type of relief available under Rule 59.04" is simply wrong and is based on the following analysis of Mr. DeSoto's April 12 motion:

> The substance of Mr. Desoto's April 12 motion largely called for the probate court to "revise" its March 13, 2018 order for the purpose of correcting an alleged legal error. Specifically, whereas the probate court's order excluded Mr. Desoto as an heir, the April 12 motion submitted that the probate court "should revise its prior ruling and permit Mr. Desoto to assert his legal rights as the only biological child to Mr. Rickie Vaughn's estate." According to Mr. Desoto, the probate court "overlooked" the pronouncement of the Legislature and misapplied the law, thereby justifying a revision of the court's order. Explaining his position at the outset of his argument in his motion, Mr. Desoto stated as follows: "Respectfully, Mr. Desoto submits that the Court[] erred in its purely legal conclusion that an administrator of an estate cannot assert someone else's claim against an estate and that revising the Court's March 13, 2018 Order is necessary to comport with the overall statutory scheme and precedential authority governing these types of issues." The essence of the argument—that the trial court's ruling should be revisited due to an alleged clear misapplication of law—is one that is typical of motions to revise under Rule 54.02 of the Tennessee Rules of Civil Procedure and motions to alter or amend under Rule 59.04. While these rules are obviously not synonymous, "they are similar in intent and operation." *Harris v. Chern*, 33 S.W.3d 741, 744 (Tenn. 2000). Specifically, "[b]oth rules . . . afford litigants a limited opportunity to readdress previously determined issues and afford trial courts an opportunity to revisit and reverse their own decisions." *Id.*

In the first instance, the majority cites *Harris v. Chern* to support its position that Rule 54.02 and Rule 59.04 motions are ostensibly the same. The *Harris* case is factually distinguishable and, more importantly, not applicable to the instant case. In *Harris*, the Tennessee Supreme Court considered the "newly discovered evidence standard" in the context of a motion to review a non-final grant of partial summary judgment under Rule 54.02 of the Tennessee Rules of Civil Procedure. *Harris v. Chern*, 33 S.W.3d 741, 745 (Tenn. 2000). When considering a Rule 54.02 motion to revise a grant of summary judgment, the *Harris* Court directed Tennessee courts to apply the following "balancing analysis": (1) the movant's efforts to obtain evidence to respond to the motion for summary judgment; (2) the importance of the newly submitted evidence to the movant's case; (3) the explanation offered by the movant for its failure to offer the newly submitted evidence in its initial response to the motion for summary judgment; (4) the likelihood that the nonmoving party will suffer unfair prejudice; and (5) any other relevant factor. *Id.* Later, the Tennessee Supreme Court directed lower courts to apply this standard to motions to alter or amend final summary judgment orders under Rule 59.04 of the

Tennessee Rules of Civil Procedure. ***Stovall v. Clarke***, 113 S.W.3d 715, 721 (Tenn. 2003). Unlike ***Harris*** and ***Stovall***, in the instant case, Mr. DeSoto's post-judgment motion does not allege that there is newly discovered evidence; in fact, the motion specifically states that, "Mr. DeSoto offers no 'new evidence.'" Rather, the gravamen of Mr. DeSoto's motion is that the trial court erred in its legal analysis.

The majority's "analysis," *supra*, merely adopts Mr. DeSoto's allegations that the trial court misapplied or overlooked the applicable law; however, the majority does not parse the specifics of Mr. DeSoto's conclusion that the trial court misapplied applicable law in reaching its decision on the motion for summary judgment. As noted above, courts are required to consider the substance of the motion. ***Tennessee Farmers Mut. Ins. Co.***, 970 S.W.2d at 455. Because this mandate requires consideration of more than the movant's conclusions, I will address Mr. DeSoto's specific arguments below; however, as an initial matter, it is helpful to review the parameters and purposes of Rule 59.04 motions. As discussed in 2 Lawrence A. Pivnek, Tennessee Circuit Court Practice § 28:4 (2018):

> The purpose of a Tenn. R. Civ. P. 59.04 motion to alter or amend a judgment is to provide the trial court with an opportunity to correct errors before the judgment becomes final, as well as after the entry of a final judgment during the 30 day period before the final judgment becomes consummate. A motion to alter or amend may be granted in a trial judge's discretion when the controlling law changes; when previously unavailable evidence becomes available; or to correct a clear error of law or to prevent injustice. **These motions, however, should not be used to raise or present new, previously untried or unasserted theories or legal arguments.**
>
> ***
>
> The motion to alter or amend allows the court to correct any errors as to the law or the facts or both that may have arisen because the court has overlooked or has failed to consider certain matters. The motion to alter or amend, however, **does not allow a party to relitigate matters that have already been adjudicated, or to present its case under a new theory when the facts and law were available to be argued at the trial prior to the court's original decree.**

***Id.*** (footnoted citations omitted) (emphases added). In adopting Mr. DeSoto's conclusion that the trial court misapplied or overlooked the applicable law, the majority fails to address whether Mr. DeSoto's post-judgment motion simply raises "previously untried or unasserted theories or legal argument," or merely "relitigate[s] matters that have already been adjudicated." For the reasons discussed below, I am of the opinion that Mr.

- 5 -

DeSoto's post-judgment motion merely relitigates issues that were considered by the trial court prior to entry of its March 13, 2018 order, and raises new legal theories that Mr. DeSoto did not present in the trial court.

In its March 13, 2018 order, the trial court states that "[t]he question before this court is [whether] the assertion by the Administrator, that Nolan Michael DeSoto, is a non-marital heir, meets the one-year statute of limitations requirement of T.C.A. § 31-2-105." The trial court's order continues that, "If the Administrator can assert someone else's rights, then Mr. DeSoto meets the statutory requirements. . . ." The trial court's statements of the issues is not disputed; in fact, Mr. DeSoto restates the questions verbatim in his April 12, 2018 motion. The trial court granted Appellees' motion for summary judgment stating, *inter alia,* that "[t]his Court does not believe that the Administrator of an estate can assert someone else's claim to an estate."

In his April 12, 2018 motion, Mr. DeSoto argues that the trial court should revise its March 13, 2018 order because: (1) it failed to consider Tennessee Code Annotated section 30-2-307(f); and (2) it misapplied or misinterpreted the case of **In re Smith.** I will address each of these arguments below.

Tennessee Code Annotated section 30-2-307(f) provides:

> If a claim filed against the decedent's estate is filed by a personal representative of the decedent's estate, the personal representative must provide the clerk of the court with the name and current mailing address of each residuary beneficiary of the decedent's estate at the time the claim is filed.

In reviewing Mr. DeSoto's responses to Appellees' first and second motions for summary judgment, and the transcript of the hearing on the second motion, there is no mention or citation to section 30-2-307(f). It is undisputed that the timeliness of Mr. DeSoto's claim of heirship rests on whether the Administrator may file a claim on behalf of a decedent's purported child. If Mr. DeSoto was of the opinion that section 30-2-307(f) gave the Administrator the authority to file the claim on his behalf, he should have raised the argument in his response to the motions for summary judgment, or at the hearing on same. He did not. Instead, Mr. DeSoto cites section 30-2-307(f) for the first time in his April 12, 2018 motion and states that he is "merely direct[ing] the Court's attention to a statue that was in place at the time of the order granting summary judgment was entered in the same statutory scheme as the statute in which the Court's holding relied. Tennessee Code Annotated § 30-2-105." Despite acknowledging that section 30-2-307(f) was in place at the time the trial court was deciding the motion for summary judgment, Mr. DeSoto provides no reason for his failure to bring this statute to the trial court's attention. As discussed above, Rule 59.04 motions "should not be used to raise or present new, previously untried or unasserted theories or legal arguments." 2 Lawrence A.

- 6 -

Pivnek, Tennessee Circuit Court Practice § 28:4 (2018): In his motion, Mr. DeSoto states that the "Court would have been on judicial notice to consider [section 30-2-307(f)]. Again, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." **Sneed**, 301 S.W.3d at 615. Based on Mr. DeSoto's failure to raise section 30-2-307(f) until the post-judgment motion, the trial court did not "overlook" this section; it simply did not construct Mr. DeSoto's argument for him.

Nonetheless, at the summary judgment stage, the trial court rejected the argument Mr. DeSoto raises again in his post-judgment motion, i.e., that the Administrator's pleading was an assertion of his claim as an heir. Mr. DeSoto's citation to section 30-2-307(f), in his post-judgment motion, added nothing of substance for the trial court to consider. In fact, during the hearing on the post-judgment motion, the trial court correctly explained that section 30-2-307(f) was enacted to address situations where a personal representative filed his or her own claim against the estate he or she represents. In other words, this statute has no application to the facts of the instant case and provided no basis for the trial court to alter or amend its judgment. Citing an irrelevant statute for the first time in a Rule 54.02 motion is not a proper basis to construe such motion as a Rule 59.04 motion.

Mr. DeSoto's final argument for revision of the trial court's March 13, 2018 order is that the trial court misapplied or misconstrued the **In re Smith** case. Specifically, Mr. DeSoto contends that the trial court "failed to appreciate the distinct difference between [**In re Smith**] and [the instant case]." In their second motion for summary judgment, Appellees specifically cite **In re Smith.** Such citation brought the case to Mr. DeSoto's attention and to the trial court's attention before the trial court reached its decision on the motion for summary judgment. Despite Appellees' citation to **In re Smith**, Mr. DeSoto did not discuss or rebut the case in any of his responses to the motions for summary judgment, nor did he attempt to distinguish the case during argument at the trial court's hearing on the motion for summary judgment. Now, for the first time in his post-judgment motion, Mr. DeSoto argues that **In re Smith** is distinguishable or otherwise irrelevant to the instant case. As discussed above, Rule 59.04 "does not allow a party to relitigate matters that have already been adjudicated, or to present its case under a new theory when the facts and law were available to be argued at the trial prior to the court's original decree." 2 Lawrence A. Pivnek, Tennessee Circuit Court Practice § 28:4 (2018). Furthermore, as aptly pointed out in the majority's opinion, **In re Smith** "does not stand for the proposition suggested by Mr. DeSoto, i.e., that the Administrator's Petition to Determine Heirship may be considered a timely assertion of his rights as an heir."

Mr. DeSoto's post-judgment motion rests on previously unasserted legal arguments, and arguments that have already been considered and adjudicated by the trial court. Furthermore, Mr. DeSoto's motion requests types of relief that are not contemplated under Tennessee Rule of Civil Procedure 59.04. This Court has stated that

[w]hen a lawyer files a post-judgment motion called a "petition to rehear" or some other name not clearly referenced in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01, the appellate courts must parse through the body of the petition or motion to determine whether it requests the sort of relief available through one of the four motions specifically listed in Tenn. R.App. P. 4(b) or Tenn. R. Civ. P. 59.01. *Tennessee Farmers Mut. Ins. Co. v. Farmer*, 970 S.W.2d 453, 455 (Tenn. 1998); *In re Estate of McCord*, No. 85-271-II, 1986 WL 2014, at *3 (Tenn. Ct. App. Feb. 13, 1986) (No Tenn. R.App. P. 11 application filed). **If the relief requested in the petition or motion is not the sort of relief that may be sought by one or more of the four motions specifically listed in Tenn. R. App. P. 4(b) or Tenn. R. Civ. P. 59.01, then the motion will not be considered to be one that tolls the running of the time for filing a notice of appeal.**

*Lee, et al. v. State Volunteer Mut. Ins. Co., Inc.*, No. E2002-03127-COA-R3-CV, 2005 WL 123492, *7 (Tenn. Ct. App. Jan. 21, 2005) (emphasis added). Based on Mr. DeSoto's specific arguments and the relief sought in his April 12, 2018 motion, i.e., revision under Rule 54.02, certification as a final order, or alternatively for interlocutory appeal, I conclude that his motion did not serve as a Rule 59.04 motion to alter or amend the judgment and should not be construed as such by the majority so as to extend the time for filing his notice of appeal under Tennessee Rule of Appellate Procedure 4(b). Under *Estate of Trigg*, the final order was entered on March 13, 2018, and Mr. DeSoto had 30 days from that date to file his notice of appeal. As such, Mr. DeSoto's September 6, 2018 notice of appeal was untimely, and I would dismiss the appeal for lack of subject matter jurisdiction.

_____
KENNY ARMSTRONG, JUDGE